**STATE ex rel. the GAS SERVICE COMPANY, Relator-Appellant,**

v.

**PUBLIC SERVICE COMMISSION of Missouri, Respondent.**

No. KCD 27987.

Missouri Court of Appeals, Kansas City District.

March 29, 1976.

Motion for Rehearing and/or Transfer Denied May 3, 1976.

Donal D. Guffey, Kansas City, for relator-appellant.

Leland B. Curtis, Paul W. Phillips, Jefferson City, for respondent Public Service Commission of Mo.

Aaron A. Wilson, Carrol C. Kennett, Kansas City, for intervenor-respondent Kansas City, Mo.

Stanley P. Christopher, Russell D. Jacobson, Jeremiah Finnegan, Kansas City, for intervenor-respondent Jackson County, Mo.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

This case arises from a denial by the Missouri Public Service Commission of an application by The Gas Service Company for an interim increase in rates pending determination of its application for a larger permanent increase.

On December 28, 1973, Gas Service applied for a permanent increase in rates to produce additional revenues of $5,397,636. The proceedings for this permanent increase bore Case No. 17994. The Commission suspended the effective date of that proposed increase under the provisions of § 393.150(1). (All statutory references herein are to RSMo 1969.)

Thereafter on May 3, 1974, Gas Service filed another application for an interim increase in rates pending the hearing and determination of Case No. 17994. The proceeding on this additional application bears Case No. 18096 and if granted would have produced a maximum increase in revenue of $1,147,886. The effective date of the proposed interim increase would have been June 3, 1974, under the provisions of § 393.-140(11). A hearing was held in Case No. 18096 on May 30, 1974, and Gas Service voluntarily extended the proposed effective date from June 3 until July 3, 1974, in order to provide time for the Commission to duly consider the record. On July 3, 1974, the Commission suspended the effective date of the requested interim increase, under the authority of § 393.150. Gas Service filed motion on July 10, 1974, to set aside that suspension.

On July 18, 1974, the Commission by a three to one vote denied the requested interim increase. Gas Service filed motion for rehearing which was overruled, and it then filed petition for review in the circuit court pursuant to § 386.510. While that review proceeding was pending in the circuit court, the Commission on September 30, 1974, issued its Report and Order in the Case No. 17994 granting an increase in the full amount requested by Gas Service. On April 17, 1975, the circuit court affirmed the Commission, and the present appeal is from that judgment.

As already noted, a permanent increase was granted to Gas Service a year and a half ago, thereby terminating the interim period for which Gas Service had sought a temporary increase. Therefore the interim increase requested has become impossible, unless it could be granted retroactively. The law of this state is clear that this cannot be done. *State ex rel. Capital City Water Co. v. Public Service Commission,* 298 Mo. 524, 252 S.W. 446 (banc 1923); *Lightfoot v. City of Springfield,* 236 S.W.2d 348 (Mo.1951).

Gas Service suggests overcoming this hurdle by calculating the amount which a

reasonable interim increase would have produced and then amortizing that sum over a future reasonable time period. However that proposed procedure was rejected by the Missouri Supreme Court en banc in the *Capital City Water Co.* case, 252 S.W. at pp. 457–458[12]. The opinion in that case, on facts analogous to those here, concluded that the complaint, that temporary rates set by the Commission were confiscatory, had become moot by reason of expiration of the experimental period.

Gas Service argues that the ruling on mootness in *Capital City Water Co.* is mere dictum and therefore not valid or controlling precedent, because that opinion also held the temporary rates there in question were not unreasonably low. However, "[w]here the opinion accompanying a decision invoked as a precedent stated several reasons for the decision, although a single reason would have been sufficient to support the holding reached, none of the reasons indicated is to be considered as a mere dictum, rather each is to be treated as a precedent embraced by stare decisis." 20 Am.Jur.2d, Courts, § 190, p. 527.

An exception is made to the mootness doctrine when a case presents an important legal issue of public importance which is likely to recur and which would not otherwise be reached by an appellate court. Under that exception, the case of *State ex rel. Laclede Gas Co. v. Public Service Commission of Missouri,* Mo.App., 535 S.W.2d 561, has been decided concurrently herewith. The legal issues which control this case have already been set forth in the *Laclede* opinion, and there is no need to restate those principles here. The only thing which would remain for decision in this case is the application of the general principles to the particular facts here, but nothing would be gained by doing so since no judicial action could be forthcoming even if this court were to undertake that labor.

For the reason stated, the appeal is dismissed.

All concur.