## STATE ex rel. ST. LOUIS COUNTY SEWER COMPANY, Appellant,

v.

## MISSOURI PUBLIC SERVICE COMMISSION, Respondent.

### No. KCD 28605.

Missouri Court of Appeals, Kansas City District.

Nov. 29, 1976.

Motion for Rehearing and/or Transfer Denied Dec. 23, 1976.

Application to Transfer Denied Feb. 14, 1977.

Robertson, Ely & Wieland, St. Louis, for appellant.

Leland B. Curtis, Thomas A. Hughes, L. Russell Mitten, Missouri Public Service Comm., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

St. Louis County Sewer Company appeals following the denial by the Public Service Commission of its application for an interim rate increase. The denial was affirmed by the circuit court.

The Company urges its appeal should be determined on the merits, even though a permanent rate increase has been granted to it since this appeal was taken, because of its contention the Commission required it to consider contributions in aid of construction as current income. Since the case has become moot, the appeal is dismissed.

In September, 1975, the Company filed an application with the Commission for an interim rate increase in which the Company stated its concern of deterioration of its earnings and its intention to file an application for a general rate increase within thirty days thereafter. The Company further stated it could no longer absorb increases in costs and it faced an immediate threat to its ability to continue to adequately serve its customers. The Company attached an

unaudited financial statement. The Commission, without a hearing, entered an order which found the financial crisis of the Company not to be nearly as severe as portrayed and found there was no crisis from a cash flow standpoint whatever. The Commission noted its staff would remove about $80,000 from the income statement because this amount was earmarked as necessary to be placed in a depreciation account.

On this appeal the Company contends the Commission ordered it to consider all of the connection fees received by the Company as current income and to be considered as part of its cash flow. The Company contends this is in contradiction and disregard of Rule 271 of the Commission's uniform accounting rules and regulations which require connection fees to be entered and carried as contributions in aid of construction.

On oral argument counsel for the Company and for the Commission stated the Commission, on August 11, 1976, granted a permanent rate increase to the Company based on a stipulation entered into by the parties. Counsel for the Company admitted on argument the issue of whether or not the Company was entitled to an interim rate increase was now moot, but insisted the exception to the mootness doctrine stated in *State ex rel. Gas Service Company v. Public Service Commission,* 536 S.W.2d 491 (Mo. App.1976) applies, and for that reason, this case should be decided on its merits.

In the *Gas Service* case, this court recognized an exception to the mootness doctrine "when a case presents an important legal issue of public importance which is likely to recur and it would not otherwise be reached by an appellate court." 536 S.W.2d 493. The Company urges here the importance of the question of whether or not connection fees should be considered as current income is the overriding question which should be decided even though the underlying question concerning the interim rate increase has become moot.

Whatever appeal this argument may carry, it is severely blunted by the fact the Commission did not order the Company to consider connection fees as current income. The Commission merely stated it thought an amount carried by the Company as being necessary to be expended for depreciation should be disallowed. Thus, the Commission did not make the sweeping order which the Company alleges and no contradiction between the Commission's rules and the order in this case is shown.

Furthermore, the proper manner in which connection fees should be considered by the Company and the question of the Company claiming depreciation for a plant shown to have been fully paid by contributions in aid of construction have been fully resolved in *State ex rel. Martigney Creek Sewer Company v. Public Service Commission,* 537 S.W.2d 388 (Mo. banc 1976).

For the reasons above stated, the exception to the mootness doctrine noted in the *Gas Service Company* case is not applicable.

Because of the admission by counsel that the question concerning the allowance of an interim rate increase is moot, the appeal is dismissed.

All concur.