**Cecil Mae JOHNSON, Plaintiff-Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri et al., Defendants-Appellants.**

**Clifton BAILEY, Petitioner-Respondent,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri et al., Respondents-Appellants.**

**Edward B. PARKER, Petitioner-Respondent,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri et al., Respondents-Appellants.**

No. KCD 30483.

Missouri Court of Appeals, Western District.

Dec. 3, 1979.

Michael D. Hufft, Bruce E. Strauss, Kansas City, for Cecil Mae Johnson.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for Division of Employment Security.

D. J. Chatfield, Jefferson City, for Labor and Industrial Relations Commission of Missouri.

James M. Smith, Legal Aid of Western Missouri, Kansas City, for Clifton Bailey.

Robert E. Gould, Kansas City, for Edward B. Parker.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Cecil Mae Johnson, Clifton Bailey and Edward Parker filed claims for unemployment benefits. These claims were denied by the Commission because the claimants' appeals from an adverse deputy's determination were not timely filed. On appeal to the circuit court it was held the appeals were timely filed and the notice to Johnson of her appeal rights was sufficient.

The Commission has appealed from the finding that the claimants' appeals were timely filed. Johnson appeals the finding that the notice to her of her appeal rights was sufficient.

The Commission contends its rule authorizing service by mail of the deputy's determination is valid and an appeal taken more than ten days after such notification is untimely. Johnson contends the court erred in failing to find the notice concerning her appeal rights was so deficient it denied her due process. Affirmed.

In the Commission's appeal no question is raised concerning the merits of any of the claims for compensation. The only question raised is whether or not § 1.190, RSMo 1978 [1] requires personal service on each of the claimants of the deputy's determination finding them disqualified for benefits.

A deputy determined that all three claimants were disqualified to receive unemployment compensation and a notice of this determination was mailed to each claimant. The claimants each filed a notice of appeal more than ten days after the determination was mailed or received. The appeals were generally filed about a month after the notice of determination was mailed. When the appeals were filed, they were at first summarily denied on the basis they were untimely, but this decision was set aside and the appeals referee conducted a full hearing on the question of the timeliness of the appeal. The appeals referee then decided all three appeals were untimely and found that good cause for extending the time for appeal had not been shown, and, therefore, the deputy's determination had become final. The Labor and Industrial Relations Commission dismissed the applications for review and thereafter all three claimants filed a petition for judicial review in the circuit court. The court found that § 288.070.4 does not specify the mode of service of the deputy's determination upon a claimant and, therefore, § 1.190 requires either personal or abode service.

Laws 1974, p. 867, amended § 288.070.4 to read in part as follows:

Unless the claimant or any interested party within ten calendar days after being notified by the deputy of his determination files an appeal from such determination, it shall be final.

Section 288.070.4, prior to its amendment in 1974, provided:

Unless the claimant or any interested party within seven calendar days after the delivery of the deputy's determination, or within seven calendar days after such determination was mailed to his last known address, files an appeal from such determination, it shall be final and benefits shall be paid or denied in accordance therewith.

From 1937 until the amendment in 1974, this section read as last quoted with the exception of changes in the number of days. With the amendment of 1974, the provision for mailing the notice of the deputy's determination was eliminated.

Section 1.190 provides:

Whenever any of the statutes of this state require or imply that a notice shall be given to any person concerning or affecting any right, property, claim, duty, matter or thing of any character or nature, unless the statutes expressly direct a different method of service, the delivery of a true copy of the notice to the person intended to be notified, or the leaving of a copy at his usual place of abode with some member of his family over the age of fifteen years, constitutes a valid and sufficient service of the notice.

Apparently after the amendment of § 288.-070.4 in 1974, the Commission adopted regulation CSR 10–5.020 which provided:

1. Notice of an initial claim and of a deputy's determination shall be either handed to the claimant and/or the interested party, or sent by regular mail. If the notice is sent by regular mail, it shall be deemed to be delivered on the date it is placed in the U.S. mail.

. . . . .

3. Notice mailed to the last known mailing address shall constitute proper notice.

The claimants contend that § 288.070.4 requires notice of the deputy's determination be given but does not provide the mode or method of such service. They further contend that § 1.190 is designed to fill this void and requires personal or abode service to be made. The Commission contends that it may by regulation specify mail service under its power to fill in gaps in legislation

---

1. All statutory references are to RSMo 1978 unless otherwise noted.

since the statute requires notice but does not provide the mode.

In *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 141[1, 2] (Mo. banc 1974) the court stated § 1.190 "has been construed to mean that the method of service therein specified is mandatory and exclusive." This means the legislature has filled the gap in § 288.070.4 by providing for personal or abode service when notice is required by any statute but the method of service is not directed.

█ It is well settled that a regulation may not conflict with a statute and if it does the regulation must fall. *Indiana Employment Security Division v. Ponder*, 121 Ind.App. 51, 92 N.E.2d 224, 228[3] (1950); 73 C.J.S. Public Administrative Bodies and Procedure, § 94, p. 415. Here the Commission purported by regulation to allow service by mail of deputy's determinations when § 288.070.4 had been amended to eliminate the provision for service by mail. Since the deputy's determination is still required by that section to be given to a claimant, but the method of service is not specified, § 1.190 requires the notice to be delivered personally to the claimant or at his usual place of abode to a member of his family over the age of fifteen years. The failure to specify the method of service in § 288.070.4 is covered by § 1.190, and, therefore, the Commission does not have authority to provide for mail service in clear contravention of § 1.190.

█ The court was correct in finding that because the claimants here had only been served with a copy of the deputy's determination by mail they had not been properly served and, therefore, their notice of appeal was timely filed.

Johnson has appealed from the ruling of the court that the Commission gave adequate notice to her concerning her rights of appeal. The deputy's determination mailed to Johnson contained a five-line statement near the bottom advising of the right to appeal. This notice stated in part: "If you believe this determination is incorrect, you may file an appeal at the office shown above, in person or by mail . . . . If you do not understand the determination and how to file an appeal, ask the deputy to help you." Johnson contends the notice deprives her of due process of law because it is not, by character, size or placement on the page, as conspicuous as any other printed statement on the page.[2] This sole complaint obviously raises no question as to the accuracy of the information contained in the notice.

█ The Commission contends this appeal should be dismissed because the question is moot since the trial court found in Johnson's favor as to her right to appeal to the Commission and gave her another opportunity to file an appeal. It is not necessary to decide whether or not this appeal is actually moot because a well recognized exception to the mootness doctrine exists when a case presents an important legal issue of public importance which is likely to recur. *State ex rel. Gas Serv. Co. v. Public Serv. Com'n*, 536 S.W.2d 491, 493 (Mo.App. 1976). Thus, even if this question is moot, it is a matter of public importance and the question will likely recur. Since both parties have briefed the matter, it should be decided.

The Commission concedes that a court may inquire if a decision of an administrative tribunal conforms to constitutional requirements. It concedes this would include a determination of whether or not the notice given concerning the right to appeal deprived Johnson of due process of law. The precise question presented here was decided in *Walker v. Com., Unemployment Comp. Bd.*, 33 Pa.Cmwlth. 438, 381 A.2d 1353, 1354 (1978). The court there stated:

On the contrary, we have held that the right to due process of law does not even require an administrative agency to provide a party with notice of the right to appeal the agency's decision when the agency or the Legislature, as in the case here, has provided a duly published proce-

---

2. This claim does not challenge the validity of any statute or any provision of the constitution so jurisdiction is in this court. *Mo.Const. art.* 5, § 3, as amended.

dure for a hearing or appeal after such order.

The right to appeal is provided in §§ 288.070, 288.190, 288.200 and 288.210. Under *Walker* when the statutes contain the procedure for appeal it is not necessary for the agency to give notice to a claimant as to the right and method of appeal.

Much the same reasoning in *Walker* was utilized in *State ex rel. Anderson Motor Service Co., Inc. v. Public Service Commission of Missouri,* 339 Mo. 469, 97 S.W.2d 116 (banc 1936). There an applicant for a permit was successful before the Commission over the opposition of intervenor competitors. One of the intervenors filed a motion for rehearing before the Commission and this was overruled. A writ of certiorari or review was then filed in the circuit court. The writ was issued and directed to the Public Service Commission and the Commission made return thereto. The applicant before the Commission was not named as a party in the circuit court proceeding and, in fact, did not receive notice of such proceeding. The court thereafter reversed the order of the Commission granting the permit to the applicant. When the applicant learned that the order granting its application had been overturned in the circuit court, it claimed it had been denied due process of law because it had not been notified of the action in the circuit court. The Supreme Court held the failure to name the applicant as a party in the circuit court action, or serve it with notice in the review proceedings, was not a denial of due process because the statute informed it of the complete review procedure in the circuit court. The court held the failure to give any notice in addition to that provided by the statute was not a denial of due process. This court is bound by the holding in *Anderson* which in essence is the same as in *Walker.* This court adopts the holding in *Walker* and holds the Commission was not required to give notice of the right and method of appeal because the statutes give notice of this right. If a failure to give any notice of the right to appeal does not constitute a deprival of due process a fortiori, a failure to give such notice in print size and placement in as prominent a position as other printing on the page would not be a denial of due process.

This holding that the Commission was not required to give any notice of the right and method of appeal should not be construed as prohibiting the Commission from continuing to give such notice.

The judgment reversing the order of the Commission and remanding the three claims to it for remand to the Division of Employment Security for hearing on the merits of the claims is affirmed. The judgment in favor of the Commission on Johnson's claim of a denial of due process with reference to notification of her right to appeal is affirmed.

All concur.