**COLE PLASTICS, Appellant,**

v.

**DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS and Division of Employment Security, Respondents.**

**No. WD 31551.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Walter K. Disney, Kansas City, for appellant.

Rick V. Morris, Jefferson City, for Division of Employment Sec.

Kevin M. Hare, Jefferson City, for Labor and Indus. Relations Commission.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment dismissing a petition for review filed pursuant to § 288.210, RSMo 1978. The judgment is affirmed.

One point of error is presented, which in summary alleges the trial court erred in dismissing appellant's petition for review upon a lack of jurisdiction for appellant's failure to comply with the service of process requirements of § 288.210, RSMo 1978.

Recital of the substantive facts is not required, and it suffices to state appellant felt aggrieved by certain rulings of respondents. Appellant sought judicial review through a petition for review as authorized by § 288.210. Appellant forwarded a copy of its petition to respondents by registered mail, receipt for which was made a part of the record. No other service of process was initiated by appellant.

Respondents appeared in circuit court specifically to challenge jurisdiction upon lack of service over the person. The circuit court concluded there was no proper service of process and dismissed the petition.

The sole question before this court is whether, by its expressed wording or by construction thereof, § 288.210 requires personal service of process upon members of the commission or as an alternative thereto, whether an aggrieved party can satisfy the statute by providing copies of a petition for review by certified mail.

The pertinent part of § 288.210 reads as follows:

"Within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court of the county of claimant's residence or ... against the commission for the review of such decision ... In any action for judicial review, *the petition, which need not be verified but which shall state the grounds upon which a review is sought, shall be served upon a member of the commission or upon such persons as the commission may designate*, and such service shall be deemed completed service on all parties, but there shall be left with

the party served as many copies of the petition as there are defendants ..." (emphasis added)

Appellant argues that the foregoing wording permits "service" by registered mail and supports its argument by alleging the application of Rule 100.04(b), which reads:

"(b) *Petition for Review—How Served.* Such petition may be filed without first seeking a rehearing, but in cases where agencies have authority to entertain motions for rehearing and such a motion is duly filed, the thirty day period aforesaid shall run from the date of the delivery or mailing of notice of the agency's decision on such motion. No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceeding before the agency or to his attorney of record, or shall be mailed to the agency and to such party or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case."

Respondents, on the other hand, argue that the foregoing language under § 288.-210 demands personal service upon the members of the commission or a party designate for receipt of process; and without such compliance, the circuit court is without jurisdiction.

Appellant's argument that Rule 100.04(b) prevails to the extent that service of process is not required in petition for review proceedings is in error to the extent that it overlooks the fact that Rule 100.04(b) has been limited by Rule 100.03. Rule 100.03 reads,

"100.03 *Party Aggrieved Entitled to Judicial Review*

Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in Rules 100.04 to 100.08, unless some other provision for judicial review is provided by statute; provided, however, that nothing in this chapter contained shall prevent any person from attacking

any void order of an agency at any time or in any manner that would be proper in the absence of this section. Unreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order of the court either compelling action by the agency or removing the case to the court for decision."

Appellant argues that review of its grievance is governed by Chapter 536, RSMo 1978, more commonly referred to as the Administrative Procedures Act, and hence Rule 100.04(b), which permits notice by registered mail, serves the requirement of service of process. This issue has been addressed before and our courts have concluded that Chapter 536 has no application to the review of administrative proceedings whereby provision and procedure for review of those administrative proceedings are specifically provided for by statute, see *Greater Kansas, Etc. v. Div. of Emp. Sec., Etc.*, 583 S.W.2d 247 (Mo.App. 1979). This court concludes the principle and rule announced in *Greater Kansas, Etc.* is controlling on the issue and Rule 100.04(b) has no applicability under the facts and circumstances of the instant case.

As was mentioned above, the sole issue before this court is whether, within the above language, § 288.210 mandates only one form of service of process, that being by personal service only.

Section 288.210 provides that the petition for review shall be "served" on a member of the commission or upon "such persons as the commission may designate". The statute is silent upon the specific manner by which service is to be made, and the question that is presented is whether personal service is required or whether alternative modes of service, such as by registered mail, satisfy the statute.

This issue has been addressed by our State Supreme Court, and this court is bound to follow the decision of our state's highest court. In the case of *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138 (Mo.banc 1974), a case involving the dismissal of a corrections officer, the court, in interpreting §§ 1.190 and 36.380,

RSMo 1978, *citing authority*, held that where a statute *does not specify* the method for notice, personal service is required. In addition, this court, in *Johnson v. Labor and Industrial Relations Commission*, 591 S.W.2d 241 (Mo.App. 1979) declared that the failure of § 288.070, RSMo 1978 to specify the mode of service means that § 1.190 controls, and that personal or abode service is required. The case of *Johnson v. Labor and Industrial Relations Commission, supra*, also declares that the Commission's attempt to adopt a regulation providing for mail service was contrary to the requirements of § 1.190.

Perhaps the time has come for the adoption of more flexible modes or methods of service of process in matters surrounding the review of administrative decisions. Such adoption would lend itself to greater service to our citizens, but such adoptive changes, if they are to be, fall under the authority and auspices of the state legislature. This court is bound by the decisions of *Wolf v. Missouri State Training School for Boys* and *Johnson v. Labor and Industrial Relations Commission, supra*, and under such interpretation, the judgment in the instant case must, in all respects, be affirmed.

All concur.