STATE of Missouri, ex rel., MISSOURI PUBLIC SERVICE COMPANY, a Missouri corporation, Relator-Appellant-Respondent,

v.

Charles J. FRAAS, Chairman, Commissioners Hugh A. Sprague, Stephen R. Jones, Leah Brock McCartney, and Alberta C. Slavin, as members of and constituting the Public Service Commission of the State of Missouri, Respondent-Appellant.

No. WD 31537.

Missouri Court of Appeals, Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 4, 1981.

Application to Transfer Denied June 8, 1981.

**588**

Gary J. Brouillette, Jackson, Dillard, Brouillette and Farchmin, Kansas City, and Robert L. Hawkins, Jr., Jefferson City, for relator-appellant-respondent.

Kent M. Ragsdale, Holly E. Peck, Jefferson City, for respondent-appellant.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Missouri Public Service Company filed tariffs with the Public Service Commission calling for an increase in gas and electric rates in August 1977. Following hearings, the Commission issued its report and order in June 1978 in which the Company was granted increases but not as much as it sought. On appeal to the circuit court the report and order was affirmed in part and reversed in part. The circuit court reversed as to the finding of the Commission on return on equity, as to the depreciation reserve allowance, as to consumer usage annualization and attrition allowance by finding that the order as to those items was unsupported by the evidence, and, as to the latter, the Commission did not make adequate findings of fact. Both the Commission and MPS have appealed. The Commission appeals from that part of the circuit court judgment which reversed part of the report and order and MPS appeals that part of the judgment which affirmed the report and order. On this appeal the Commission, although appealing, contends the issues have become moot because MPS has been granted two permanent rate increases since the report and order in question here was issued. Appeal dismissed.

MPS concedes the case would be moot because of the later rate increases but contends this case presents important legal issues of public interest which are likely to recur and which would not otherwise be reached by an appellate court. An examination of these issues raised by MPS will demonstrate that no such issues are present.

The first issue raised on this appeal by MPS relates to the treatment of certain tax expenses which is cast in terms of the "flow-through" or "normalization" treatment by the Commission. Briefly, the "flow-through" treatment would require MPS to charge as an operating expense only the amount of taxes actually paid to the government. The "normalization" method would allow MPS to charge as expenses the amount of taxes which it would have paid without regard to certain accounting practices which reduced the actual amount of taxes paid in certain years. This question was dealt with by this court in *State ex rel. Utility Consumers Council of Missouri, Inc. v. Public Service Commission,* 606 S.W.2d 222 (Mo.App.1980). In that case this court held basically that whether or not a utility is allowed to use the "normalization" method or the "flow-through" method of calculating the amount of taxes which will be charged as expenses is a matter left in the first instance to the utility and in the second instance is a question for the Commission. This court held the question involves a question of fact as to whether or not the utility should forego a tax benefit and use the "flow-through" method if other considerations outweighed the tax advantage to be gained by normalization. 606 S.W.2d at 226.

In this case the Commission utilized the "flow-through" method after hearing evidence concerning MPS's cash flow situation, interest coverage and percentage of internally generated funds. The Commission decision in this case was a purely factual one, unrelated to any general holding on the use of "flow-through" or "normalization." Thus a full discussion in this case would focus on the purely factual matters presented and decided. Such factual matters are not the sort of questions to be decided after a case becomes moot. There is nothing to suggest that this subject requires discussion beyond that in *Utility Consumers Council, supra.*

MPS next contends the Commission refused to allow a return on the amount of compensating bank balances MPS was required to maintain by certain banks which offered MPS short term credit. This was a question of fact which was determined by the Commission and does not present any question of importance which must be resolved or escape appellate resolution.

MPS contends the Commission erred in the manner in which it calculated the maintenance expenses incurred by MPS on its Sibley power plant. Again, this was a question of fact and does not present any matter of great importance which requires determination.

MPS finally contends that the Commission erred in failing to allow certain rate base additions incurred in the installation and activation of equipment up through the date the report and order was adopted by the Commission. Again, this was a question of fact which does not present a question of such importance as to require decision when the case has become moot.

MPS also urges this court to determine the "attrition allowance" question as a matter of great importance which must be determined even though the case is concededly moot. "Attrition allowance" is discussed in *State ex rel. Kansas City Power & Light Company v. Public Service Commission of Missouri,* 615 S.W.2d 596 (Mo.App.1981) [No. WD 31,821 adopted concurrently herewith] and there determined that this is not a unique principle which requires adjudication.

This case presents only factual issues with no issue of public importance which requires determination when this case has become moot. *State ex rel. Gas Service v. Public Service Commission,* 536 S.W.2d 491, 493 (Mo.App.1976). Because MPS has been granted two rate increases since the report and order in question here, this case is now moot and the appeal is dismissed. *State ex rel. Missouri Public Service Company v. Pierce,* 604 S.W.2d 623 (Mo.App.1980).

All concur.