**STATE of Missouri ex rel. KANSAS CITY POWER & LIGHT COMPANY, a corporation, Appellant,**

**v.**

**PUBLIC SERVICE COMMISSION OF MISSOURI, Respondent.**

**No. WD 31821.**

Missouri Court of Appeals, Western District.

March 30, 1981.

Modified Opinion May 4, 1981.

Motion for Rehearing and/or Transfer to Supreme Court May 5, 1981.

Application to Transfer Denied June 8, 1981.

A. Drue Jennings, David L. Smith, Kansas City, for appellant.

Kent M. Ragsdale, General Counsel, Steven Dottheim, Asst. General Counsel, Jefferson City, for respondent.

Before DIXON, P. J., KENNEDY and NUGENT, JJ.

DIXON, Judge.

 This appeal arises from a rate case filed by the Kansas City Power & Light Company which was finally decided by the Public Service Commission in the spring of 1979. It is unquestioned by the parties that the Kansas City Power & Light Company has received interim and permanent rate increases which supersede the rates which are here in question. Upon that procedural background, the issue as to the propriety of the rates is moot. *State of Missouri ex rel. Missouri Public Service Company v. Pierce*, 604 S.W.2d 623 (Mo.App.1980), and *State ex rel. Gas Service Co. v. Public Service Commission*, 536 S.W.2d 491 (Mo.App.1976).

 Appellant, the Kansas City Power & Light Company, urges that despite the conceded mootness of the issues, the court should retain jurisdiction to decide the controversy because the legal issues presented are of public importance, are likely to recur, have not already been determined by a fixed principle of law, and would not otherwise be reached by an appellate court. *State ex rel. Gas Service Company v. Public Service Commission*, 536 S.W.2d 491, 493 (Mo.App.1976).

Without intending or implying any determination of the issues, they will be examined in the light of the record to determine if this court should exercise its discretionary review despite the concession of mootness. The specific actions of the Commission which are challenged by Kansas City Power & Light are the failure of the Commission to give proper consideration to a fair rate of return, the failure to award an attrition allowance, the adoption of a standard for allowance of advertising expenses, and the Commission determination of the coal inventory level to be included in the rate base.

The reply brief of Kansas City Power & Light Company concedes that the issue raised with respect to fair value and rate of return is not reviewable. Virtually the same claim was asserted in *State ex rel.*

*Laclede Gas Co. v. Public Service Commission*, 600 S.W.2d 222 (Mo.App.1980), *appeal dismissed,* —— U.S. ——, 101 S.Ct. 848, 66 L.Ed.2d 795 (1981), and in *State ex rel. Missouri Public Service Company v. Pierce*, 604 S.W.2d 623 (Mo.App.1980), with review denied because of mootness.

The other three points posed by Kansas City Power & Light require no determination by this court of an important principle of law not heretofore determined. All three are couched in terms of error by the Commission in making findings not supported by substantial and competent evidence upon the whole record.

Kansas City Power and Light attempts to avoid this impediment to discretionary review despite the mootness of the issue by asserting that the issues are novel issues of law not heretofore decided. A brief review of these points will demonstrate they are essentially factual issues which upon settled principle are within the discretion of the Commission in determining factors to be considered in setting rates.

Kansas City Power & Light's argument as to an "attrition allowance" is that the test period for determining the rates was entirely historical, therefore, the Commission had no substantial and competent evidence before it with respect to the costs to be considered in determining the rate structure. The Commission responds to this argument by pointing out that the test period was stipulated to by the parties in a prehearing conference, and that the test period ended beyond the date of hearing, and that it had been adjusted for known variations in costs. Insofar as the claim for an attrition allowance depends upon Kansas City Power & Light's claim that construction costs were increasing, such an assertion would be contrary to § 393.135 RSMo 1978, which legislatively mandates the preclusion of future construction costs from the rate base. No unique principle is involved in this issue. Test periods for determining prospective operating costs have been traditional in rate cases. The extent of adjustment for known variations is essentially a factual question.

The Commission's order adopted the so-called "New York standard" for allowing advertising costs. That standard permits the deduction of $\frac{1}{10}$ of 1 percent of the gross revenues of the company for advertising charges without regard to the content of the advertising. The Commission's acceptance of this standard to determine appropriate advertising allowances to be included in the rate base was based upon testimony as to the various kinds of advertising to which utilities subscribe. Any advertisement will inevitably contain some aspects of institutional advertising, informational advertising, and advertising designed to affect usage. Because of the difficulty in separating advertising expenditures into portions representing the various functions of the advertisement, the Commission elected to adopt a standard for permitting advertisement to be included in rate base upon a percentage of gross sales, thus leaving it to management to determine whether they would undertake other advertising from shareholders' funds.

Such a factual determination was well within the range of authority granted to the Commission in determining what expense factors will be included in a rate base.

The final claim of Kansas City Power & Light is that the value of the coal inventory included in the rate base was too low. The company's evidence emphasized the need for a greater coal inventory, but the Commission's evidence was to the contrary based upon the experience of the company in surviving an extended coal strike with an inventory similar to the one allowed. This again is a purely factual determination and does not involve any new principle of law which would justify retaining jurisdiction for decisional purposes.

The arguments advanced for retention of this case despite its mootness are simply not persuasive. None of the issues posed would declare a principle of law that was novel; each issue would be resolved upon the basis of existing law and the application of those principles to the facts of the instant case.

The appeal is dismissed.

All concur.