STATE ex rel. AMERICAN DISTRICT
TELEGRAPH COMPANY,
Relator-Appellant,

v.

PUBLIC SERVICE COMMISSION OF
MISSOURI, Respondents-Appellees,

and

Southwestern Bell Telephone Company,
Intervenor-Appellee.

No. WD 32637.

Missouri Court of Appeals,
Western District.

Sept. 7, 1982.

Motion for Rehearing and/or Transfer to
the Supreme Court Overruled and
Denied Nov. 2, 1982.

Application to Transfer Denied
Dec. 13, 1982.

Henry Andrae, Hendren & Andrae, Jefferson City, for relator-appellant.

Kent Ragsdale and Thomas R. Parker, Jefferson City, for respondents-appellees.

Jack C. Lorenz and Alfred G. Richter, Jr., St. Louis, for intervenor-appellee.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Southwestern Bell Telephone Company filed an application with the Public Service Commission for authority to restructure its intrastate private line service [1] offerings and to change the rates applicable thereto. American District Telegraph intervened because it is a user of a large number of private lines in connection with its security business.

The Commission entered an order on October 11, 1979, allowing Bell an interim increase in rates for the Series 100 service.[2] ADT filed a petition for review of the interim rate increase in the Circuit Court in

---

1. A private line is a pair of wires forming a channel or communications path which is usually dedicated to the use of a single customer or group of customers. It allows direct communication between two or more points without dialing a telephone number, or using an operator. Private lines may transmit voices, data, teletypewriter, and special signals.

2. The Series 100 service replaces the 0–30 Baud service named in Southwestern Bell's former

tariff. Apparently, it is comprised of a wire loop, or pair of wires typical of those used in other private lines.

ADT uses the 100 Series private line for alarm services. An alarm signal is transmitted over one loop between the ADT patron and Southwestern Bell's central office, and then via another loop between the Southwestern Bell's central office and an ADT central station.

which Bell intervened. The Commission's order was affirmed. This appeal followed.

The record on this appeal, as supplemented, shows that most of the interim 100 series rate increases were made permanent by order of the Commission November 25, 1980, and the remainder of these rate increases were made permanent by a Commission order of December 9, 1981.[3]

On this appeal ADT challenges the Commission's order of October 11, 1979, which approved the interim rate increase. In this challenge ADT presents only factual issues related to the interim rate increases. ADT does not contend there is any issue of public importance involved in this appeal which would not be decided by an appellate court if it were not decided in this case.

Because the Commission has granted permanent increases which supersede the interim increase, and the issues presented are factually relevant to the interim increase only, the issues on this appeal are now moot. *State ex rel. Missouri Public Service Company v. Fraas,* 615 S.W.2d 587, 589 (Mo. App.1981). There are no issues of public importance requiring determination, which would bring this case within an exception to the mootness doctrine. *State ex rel. Gas Service Company v. Public Service Commission,* 536 S.W.2d 491, 493 (Mo.App.1976). Thus, the appeal should be dismissed.

The appeal is dismissed as moot.