STATE ex rel. James M. FISCHER, Public Counsel for the State of Missouri, Relator-Appellant,

v.

PUBLIC SERVICE COMMISSION OF MISSOURI, Respondent,

and

Missouri Public Service Company, Intervenor-Respondent.

No. WD 34453.

Missouri Court of Appeals, Western District.

March 6, 1984.

As Modified May 23, 1984.

Application to Transfer Denied June 19, 1984.

Richard French, James M. Fischer, and Michael C. Pendergast, Jefferson City, for relator-appellant.

William C. Harrelson, Deputy Gen. Counsel, Douglas M. Brooks, Asst. Gen. Counsel, Jefferson City, for respondent.

William R. England, III, and Gary W. Duffy, Hawkins, Brydon & Swearengen, Jefferson City, for intervenor-respondent.

Before SOMERVILLE, P.J., TURNAGE, C.J., and BERREY, J.

TURNAGE, Chief Judge.

Public Counsel filed a petition for writ of review in circuit court seeking review of a permanent rate increase granted by the Public Service Commission to the Missouri Public Service Company. The court dismissed the petition on the ground that in proceedings on an interim rate increase sought by the company the Commission had entered an order which had become final and which was not appealed by Public Counsel. The court held that the present appeal by way of writ of review was barred by § 386.550 RSMo 1978,[1] which prohibits a collateral attack on orders of the Commission.

On this appeal, Public Counsel contends the present appeal by way of writ of review is not a collateral attack on the order entered in the interim rate proceedings. Reversed and remanded.

On September 5, 1980, the company filed with the Commission revised permanent rates for electric service. That case was assigned number ER–81–85. The Commission suspended the effectiveness of the revised rates for 120 days and later suspended the effectiveness for a further period of time.

On November 5, 1980, the company filed revised interim rate schedules with an effective date of December 8, 1980. Included in the interim rate request was a request for the authority to defer and recover in future rates certain extraordinary purchased power and maintenance costs incurred as a result of the unscheduled outage of a generator unit operated by the company at its Sibley plant. On November 24, 1980, the Commission suspended the effectiveness of the interim rate schedules and assigned that proceeding number ER–81–154.

On February 3, 1981, the Commission held a hearing in the interim rate case. The company and the Commission staff presented a stipulation and agreement to resolve the question of the recovery of the extensive loss suffered by the company as a result of the generator outage. Public Counsel was not a party to the stipulation and, although notified of the hearing, did not attend. The Commission issued a report and order on February 3, 1981, effective February 13, 1981, in which it accepted the terms of the stipulation and agreement. The report stated:

That it is important to finally and conclusively resolve this matter in a timely manner so that the Company and its independent auditors will be provided with a basis for the accounting and ratemaking treatment in the Company's financial statements of the costs associated with the Sibley generator failure.

Therefore, the Commission finds and concludes that this Report and Order should be final and binding on the Commission and the parties hereto with respect to the accounting and ratemaking treatment to be accorded these costs in this proceeding (Case No. ER–81–154), the Company's permanent rate case (Case No. ER–81–85), and all subsequent proceedings before any regulatory body or Court involving this Company.

The Commission ordered:

1. That the Company shall be allowed to recover in its rates for electric service all costs including purchased power costs associated with the generator failure in August, 1980, of its Sibley Generation Station, Unit No. 3, in the amount of $6,824,801.

2. That these costs are to be recovered through the Company's cost of service, for purposes of ratemaking, over a reasonable period of time, said reasonable period of time to be determined by the Commission's Report and Order to be issued in Company's permanent rate proceeding, Case No. ER–81–85.

Following the entry of the above order, Public Counsel filed a motion for rehearing. This motion was overruled, and Public Counsel sought no further relief.

On February 23, 1981, the Commission held a further hearing on the interim rate

1. All sectional references are to Missouri's Revised Statutes, 1978.

case and, on March 2, 1981, entered a report and order by which the Commission denied any interim increase in the rates charged by the company for its electric services. No motion for rehearing was filed following that order.

On May 18, 1981, the Commission held a hearing on the permanent rate case and on May 27, 1981, issued its report and order in that case. The Commission allowed an increase in the permanent rates of the company in the amount of $19,740,264 on an annual basis. The Commission allowed the company to amortize the extraordinary purchased power cost associated with the Sibley outage over a period of two years and to amortize the extraordinary maintenance cost occasioned by the outage over a period of 18 years. Following the entry of that report and order, Public Counsel filed a motion for rehearing which was overruled. Thereafter, Public Counsel filed a petition for writ of review with the circuit court. The court dismissed this petition. It took the view that the order entered in the interim rate case on February 3, 1981, was a final order which Public Counsel had not appealed. Consequently, Public Counsel was barred from seeking review of that order in the permanent rate case. The court held that an attack on the order in the permanent rate case was a collateral attack on the order made in the interim rate case.

Section 386.550 provides that in all collateral actions or proceedings the orders and decisions of the Commission which have become final shall be conclusive. The question to be resolved is whether or not proceedings in a permanent rate case are collateral to proceedings in an interim rate case when the permanent and interim case involve the same company. Since most appeals from Commission action in interim cases involve the granting of an interim rate increase, many appeals are dismissed because a permanent rate increase has replaced an interim rate increase and, thus, has rendered the interim increase moot. *E.g., State ex rel. American District Telegraph Company v. Public Service Commission of Missouri,* 641 S.W.2d 779

(Mo.App.1982). This helps to explain the relative lack of case law on the issue now under review.

This court defined the term "collateral attack" in *Flanary v. Rowlett,* 612 S.W.2d 47, 49[3, 4] (Mo.App.1981), quoting from Restatement of Judgments as follows: "Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack.' " Under this definition the proper inquiry is whether or not the proceeding in the interim rate case can be said to be a proceeding in the original action, the permanent rate case.

The inquiry is properly begun by reviewing the origins of the Commission's power to grant interim rate increases. While no express statutory provision exists as to such authority, this court held in *State ex rel. Laclede Gas Co. v. Public Service Commission,* 535 S.W.2d 561 (Mo.App. 1976), that the Commission has the authority to grant interim rate increases implied from the "file and suspend" sections, §§ 393.140 and 393.150. This court held that the Commission's authority to grant an interim rate increase is necessarily implied from the statutory authority granted to enable it to deal with a company in which immediate rate relief is required to maintain the economic life of the company so that it might continue to serve the public. The court, citing *Laclede,* recognized the Commission's power to grant interim rate increases in *State ex rel. Utility Consumers Council of Missouri, Inc., v. Public Service Commission,* 585 S.W.2d 41, 48[4] (Mo.banc 1979).

The *Laclede* court discussed the relationship between an interim rate request and a permanent rate request. This court stated that in its "very nature, an interim rate request is merely ancillary to a permanent rate request." 535 S.W.2d at 565[1]. As the court in *Laclede* found, there is no express statutory provision for an interim rate increase. Such an increase

was sought in this case as part of a permanent rate increase. It is clear that the request for an interim rate increase did not stand on its own as an entirely separate and distinct proceeding. Thus, the interim rate case in issue, although assigned a number different from that assigned the permanent case by the Commission, has no independent status but is simply a part of the company's permanent rate request.

The term "ancillary" was defined in *Herhalser v. Herhalser*, 401 S.W.2d 187, 193[9–11] (Mo.App.1966), as follows:

"Ancillary," as used in law, is defined as "designating or pertaining to a document, proceeding, officer or office, etc., that is subordinate to, or in aid of, another primary or principal one; as, an *ancillary* attachment, bill, or suit presupposes the existence of another principal proceeding ...." Webster's New International Dictionary, 2nd Ed., p. 98. And an "ancillary proceeding" is one subordinate to or in aid of another primary action. Schram v. Roney, D.C.Mich., 30 F.Supp. 458, 461; Black's Law Dictionary, 4th Ed., p. 112.

The use of the word "ancillary" in *Laclede* to describe the interim request, in light of the definition of that term as set out in *Herhalser*, leads to the conclusion that this court used the word "ancillary" in its accepted meaning in reference to the interim request. As pointed out above, the interim request in issue has no independent status or existence and is meaningful only in relation to the permanent request which was filed. It is subordinate to and in aid of the primary action, the permanent rate request.

It follows that the interim rate request made by the company is a part of the same proceeding as the permanent rate request. This is true even though the company filed a separate request for an interim rate increase and the Commission assigned different numbers to the two requests. Consequently, orders made in the interim request cannot be considered as having been made in an action separate and apart from the permanent request. Under the definition of "collateral attack" in *Flanary*, an appeal from the order made in the interim request is not necessary in order to appeal from an order made in the permanent request because the proceedings are one and the same, differing only with regard to the timing of the increase requested. Thus, under such conditions an appeal from a final order made in the permanent rate case will subject to review orders made in connection with the interim case.

■ The Commission and the company argue that the order in the interim request made on February 3, 1981, was appealable. They rely primarily on the holding by this court in *State ex rel. Fee Fee Trunk Sewer, Inc. v. Public Service Commission of Missouri*, 522 S.W.2d 67 (Mo.App.1975). However, the question is not whether Public Counsel could have appealed the order of February 3, 1981, but whether review in the permanent rate case constitutes a collateral attack on that order. In *Laclede*, this court at 535 S.W.2d 568 n. 2 cited *South Central Bell Telephone Co. v. Louisiana Public Service Commission*, 272 So.2d 667 (La.1973), as a case reflecting the concept of the ancillary nature of an application for an interim rate increase. The Louisiana court stated, at 669, that the entire rate structure, including proceedings in an interim request, is under review when the permanent rate request is reviewed. Thus, in the case at bar the interim rate proceeding is ancillary to the permanent rate proceeding, and review in the permanent rate case includes review of the order made in the interim proceedings. Such review does not constitute a collateral attack on those orders made in the interim proceedings.

The judgment is reversed and this case is remanded with directions to reinstate the petition for review filed by Public Counsel. Upon such reinstatement, proceedings in both the interim request and the permanent request will be subject to review by the court.

All concur.