**MISSOURI DIVISION OF FAMILY SERVICES, Plaintiff–Appellant,**

v.

**PATTERSON SCHOOLS, INC., Defendant–Respondent.**

No. 54934.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 9, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Richard J. Childress, St. Louis, Linda S. Wasserman, Jeff Childress, St. Louis, for plaintiff-appellant.

Dale L. Rollings, Thomas A. Federer, St. Charles, for defendant-respondent.

STEPHAN, Judge.

Patterson Schools, Inc. ("Patterson") operates six facilities in St. Charles, Missouri. Patterson originally obtained a day care license from the Division of Family Servic-es—Day Care Licensing Unit ("DFS") for one unit in 1964. Over the years Patterson added the other five facilities, and continued to hold a license for all of them until 1986.

On March 3, 1986 Ethel Patterson, President of Patterson Schools, Inc., notified DFS that she no longer believed the Patterson facilities fit the definition of "day care home" or "nursery" contained in § 210.201, RSMo 1986. She advised DFS that she was voluntarily relinquishing the day care license for each facility because Patterson planned to operate a private school with primary emphasis on education.

DFS filed a petition for declaratory and injunctive relief against Ethel Patterson, but subsequently refiled naming Patterson Schools, Inc. as defendant. Trial was held, without a jury, on February 16 and 17, 1988, at which time the trial court determined the following facts.

Patterson operates from 6:00 a.m. to 6:30 p.m. Monday through Friday for all twelve months. Children are allowed to arrive and depart throughout the day, there is no requirement that a child be there for a particular time period, with the exception of those attending kindergarten and first grade. There are no infants, children aged 0–12 months, in any of the facilities. A first grade class is operated in one facility. All six have educational programs designed for children aged two through five. At trial Patterson had plans to initiate a second grade class.

There is a curriculum designed for each age level. The programs contain courses on social and emotional development, health and hygiene, community awareness, reading, phonetics and language skills, Spanish, family relations, mathematics and computers. Both parties agreed that children between the ages of one and five are very educable.

Patterson has developed its own method of training teachers. When teachers are first hired they are required to go through a probationary period. Once they pass probation, they are further required to periodically attend seminars and in-house programming. In addition to their own spe-

cially developed method of teaching, Patterson also utilizes nationally recognized programs such as: the program instituted by the Ferguson–Florissant School District for three year olds; the Beka pre-kindergarten and kindergarten curricula; the D'Nealian handwriting teaching curriculum; and the Victor Stencil teaching program.

On May 6, 1988 the trial court issued its Findings of Fact, Conclusions of Law and Order. The trial court determined that Patterson is exempt from day care licensing because it is being operated in good faith primarily to provide education for children. It is from this order that DFS appeals.

Our review is determined by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Id.* at 32.

As a preliminary matter, Patterson requests that we dismiss the appeal for irregularities in the record on appeal and in DFS's brief. Prior to oral arguments a motion to this effect was filed and denied. DFS was given leave by this court to amend its brief in order to comply with the rules.

■ DFS raises two points on appeal. The first is that the trial court erred in failing to apply the definitions in 13 CSR 40–61.010 and 13 CSR 40–62.010 to its interpretation of § 210.211, RSMo 1986. The terms DFS wants defined by the regulations are also defined in § 210.201, RSMo 1986.

If a term is specially defined in a statute, that special definition is controlling. *St. Louis Country Club v. Administrative Hearing Commission of Missouri*, 657 S.W.2d 614, 617 (Mo. banc 1983). While DFS is empowered "[t]o promulgate and issue uniform rules and regulations as said division deems necessary or proper in order to establish standards of service and care to be rendered by such licensees to children," § 210.221(3), RSMo 1986, it may not

promulgate a regulation which is in conflict with the statute. *Johnson v. Labor and Industrial Relations Commission*, 591 S.W.2d 241, 244 (Mo.App.1979).

The definitions in § 210.201, RSMo 1986 are clear and unambiguous. In this case, therefore, we need not turn to the regulatory definitions for guidance.

■ In its second point, DFS asserts that the trial court erred in ruling Patterson was exempt from licensing under § 210.211(4), RSMo 1986, which exemption reads:

Any graded boarding school, nursery school, summer camp, hospital, sanitarium or home which is conducted in good faith primarily to provide education, recreation, medical treatment, or nursing or convalescent care for children.

The general provisions of § 210.211 state:

It shall be unlawful for any person to establish, maintain or operate a day care home or day nursery for children, or to advertise or hold himself out as being able to perform any of the services as defined in section 210.201, without having in full force and effect a written license therefor granted by the division of family services, . . .

This language is followed by various exemptions to the licensing requirement such as that set out above, the benefit of which was accorded to Patterson by the trial court. Our examination of the record in this case has persuaded us that the trial court's judgment is not supported by substantial evidence and is, therefore, erroneous. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Patterson is comprised of six facilities which are open from 6:00 a.m. to 6:30 p.m. Children are delivered to and picked up from the facilities at times apparently dictated by their parents' work schedules. There is no requirement that a child be present for any certain hours during the day. Only one of the facilities had a regular first grade class, and it had only ten or twelve students. While there was testimony to the effect that Patterson employees

attempted to make learning experiences available even to the many pre-school children in their care, it could not reasonably be held that any of the Patterson facilities was "conducted ... *primarily* to provide education ... " § 210.211(4). (Emphasis added).

Accordingly, the judgment is reversed and the cause remanded to the trial court for the entry of orders consistent with this opinion.

SMITH, P.J., and SATZ, J., concur.