Lowell Mohler, Director Department of Agriculture 1616 Missouri Boulevard P.O. Box 630 Jefferson City, MO 65102-0630
Dear Mr. Mohler:
In your letter of June 15, 2001, you asked for an Attorney General's opinion whether compliance with an administrative rule adopted to clarify a particular Missouri state law can be used as a defense in a claim in a private cause of action filed pursuant to such law. Specifically, you refer to the Missouri Livestock Packers Law, Sections 277.200 to 277.215, RSMo 2000.
The Missouri Livestock Packers Law specifically provides that a "seller who receives a discriminatory price or who is offered only a discriminatory price in violation of [the act] may receive treble damages, costs and a reasonable attorney's fee." Section 277.212.2. The Department of Agriculture is charged with adopting rules to "implement the provisions" of the Act. Section 277.215.4. The Act further indicates that the Department shall "immediately adopt such rules as are necessary to permit Missouri producers and packers to remain economically competitive with producers in other states" in the event a federal livestock price reporting law becomes effective. Section 277.215.6. We understand that such a law has in fact been passed by the federal government and is now in effect.
A plain reading of the Act clearly reveals the General Assembly's intent to establish a private cause of action. The Department's rule-making authority is also express. Therefore, we conclude that the Department of Agriculture does have the authority to promulgate rules so long as they are consistent with the intent of the legislature and in compliance with other laws governing administrative rule-making.
Section 536.014, RSMo 2000, governs the promulgation of rules by state agencies and provides:
 No department, agency, commission or board rule shall be valid in the event that:
 (1) There is an absence of statutory authority for the rule or any portion thereof; or
(2) The rule is in conflict with state law; or
 (3) The rule is so arbitrary and capricious as to create such substantial inequity as to be unreasonably burdensome on persons affected.
An agency cannot, therefore, by rule or administrative interpretation, abrogate liability among private litigants where a statutory cause of action exists. A rule adopted in violation of the provisions of Chapter 536 is void and cannot be given effect either as a rule or a valid term of a contract affecting a private party. NME Hospitals, Inc. v.Department of Social Services, 850 S.W.2d 71 (Mo.banc 1993). Consistent with the statutory requirements, the courts have uniformly held that a rule in conflict with the sense and meaning of a statute is invalid.Osage Outdoor Advertising Inc. v. State Highway Commission of Missouri,624 S.W.2d 535 (Mo.App. 1981). In this case, because the General Assembly clearly intended to establish a private cause of action for violation of the Act, the Department cannot adopt rules that are inconsistent with that intent.
At the same time, it is well established under Missouri law that administrative rules, promulgated pursuant to properly delegated authority, have the force and effect of law and are binding on agencies and the courts. Missouri Nat. Educ. v. Missouri State Bd. of Educ.,695 S.W.2d 894, 897 (Mo.banc 1985), Page Western, Inc. v. Community FireProtection District of St. Louis, 636 S.W.2d 65, 68 (Mo.banc 1982). InPollock v. Wetterau Food Distribution Group, 11 S.W.3d 754, 767 (Mo.App. 1999), the Eastern District Court of Appeals specifically acknowledged the authority of a state agency (the Missouri Commission on Human Rights) to establish "principles of liability" in a statutory cause of action between private parties by administrative rule. In the Pollock case, the rule in question created strict liability on the part of employers for acts of sexual harassment by their managers. In other words, the rule served to eliminate, rather than create, a defense to a cause of action. The court upheld the authority of an agency to promulgate a rule in which the agency undertook to define conduct that would fall within the terms of a statutory cause of action, ruling that "state regulations, properly promulgated pursuant to properly delegated authority, have the force and effect of law and are therefore binding on the courts." Id. at 767. This authority, of course, presupposed that the rule was properly promulgated, that the agency had not exceeded the legislative grant of authority, and that the legislature had not invalidated the rule pursuant to Section 536.028, RSMo 2000. Id.
A similar analysis can be found in the federal system, where possession of an administrative permit can serve as evidence of compliance when defending against a private cause of action. See, Atlantic StatesFoundation, Inc. v. Eastman Kodak Co., 12 F.3d 353 (2nd Cir. 1993) dealing with the "permit shield" provision of the federal Clean Water Law, 33 U.S.C. § 1342(k), which deems compliance with a state or national pollution discharge elimination system permit to be compliance with the law. The court held that polluters may discharge pollutants not specifically listed in their permits, rejecting an argument that the permit holder may discharge only the pollutants expressly covered by the permit. The court granted summary judgment to the permit holder in a citizen-brought enforcement action.
The legislature, in the same legislation that creates a cause of action for price discrimination, has given the Department of Agriculture a general grant of rule-making authority to "implement the provisions of sections 277.200 to 277.215." It is a relatively common practice for agencies to use the rule-making process to define or clarify statutory language. The Supreme Court has recently upheld an agency rule specifying which of several potentially applicable statutes of limitation apply to claims for franchise tax refunds. Community Bancshares, Inc. v.Secretary of State, 2001 Mo. Lexis 48 (Mo.banc 2001). In addition, if the agency's interpretation of a statute is reasonable and consistent with the language of the statute, it is entitled to considerable deference.[1] State v. Missouri Resource Recovery, Inc., 825 S.W.2d 916,931 (Mo.App. 1992).
Therefore, it is the opinion of the Attorney General that an agency rule that was properly promulgated, does not exceed the legislative grant of authority, and has not been invalidated by the legislature pursuant to Section 536.028, RSMo 2000, has the force and effect of law and is binding on the courts in a civil cause of action. A state agency cannot by regulation abrogate a private cause of action created by the legislature. However, compliance with terms of a regulation properly adopted by a state agency can be used by a private litigant to demonstrate obedience to a state statute when defending against a private cause of action.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General
[1] We do not opine as to whether actions allowed under rules promulgated by the Missouri Department of Agriculture would comply with Federal statutes, specifically 7 U.S.C. § 192, the Packers and Stockyards Act. Note that in Wilson v. Freeman, 393 F.2d 247, 253 (7th Cir. 1968) the court stated that the Packer and Stockyards Act is broader and more far-reaching than the antitrust acts, and as a remedial statute it is to be interpreted liberally.