JOHN KUNEY III, Plaintiff-Appellant, v. THE ZONING BOARD OF APPEALS OF THE CITY OF DE KALB *et al.*, Defendants-Appellees.

Second District   No. 2—87—0271

Opinion filed November 24, 1987.

James A. Stoddard, of Klein, Stoddard & Buck, of Sycamore, for appellant.

Ronald G. Matekaitis, of De Kalb, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, John Kuney III, was denied a building permit by Roger Hopkins, the chief building enforcement officer of the City of De Kalb. The denial was upheld by the De Kalb Zoning Board of Appeals (board), and the board's decision was affirmed by the circuit court for the Sixteenth Judicial District, De Kalb County. Plaintiff appeals from the circuit court's order, contending that he is not bound by the restrictions on the property and that the trial court's decision was against the manifest weight of the evidence.

The property at issue in the present case is a 21-unit apartment building with a parking lot and green open space, commonly known as

902-914 Ridge Drive in De Kalb, Illinois. The property is one part of an area known as Flagg Fraternity Quadrangle (Quadrangle) in De Kalb. In June 1968, a plat was recorded which indicated the proposed development plan for the Quadrangle. On the plat was an "Open Space Covenant," which restricted development in the Quadrangle. The plat was filed by Ropa, Inc., and the owners of the property were Ropa, Inc., Paul Alongi, Neil Scott, and Robert W. Hultgren.

Early in 1977, a developer employed Kuney to design a 30-unit apartment building for the property that is the subject of this action. After negotiations between the developer and the city, Kuney was asked to redesign the building into a 21-unit apartment building, which he did. In March 1977, Ropa, Inc., filed a second plat of the Quadrangle. Kuney and his partner purchased the property in question on May 3, 1977, and the city approved Ropa's plat on May 9, 1977. The plat was recorded on May 25, 1977.

In November 1985, Kuney filed an application for a building permit to add 15 units to the existing apartment building. After making three sets of revisions based on requests made by the city, he submitted plans on March 7, 1986. On approximately April 1, 1986, Kuney was told that he needed to obtain a special use permit from the city. On May 5, Kuney appealed this decision to the board, which upheld the denial after a hearing. Kuney then filed a complaint for administrative review pursuant to section 3—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 3—103) to have the board's decision reviewed and reversed. The circuit court upheld the decision, and this appeal ensued.

■ At the outset, this court considers the issue of whether the plaintiff exhausted his administrative remedies before filing his claim. While this issue was not raised during any of the previous proceedings, the defendants correctly maintain that an appellee may defend a judgment by raising a previously unruled-upon issue if the necessary factual basis for determining the issue is in the record. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147; *Jupiter Orrington Corp. v. Zwiefel* (1984), 127 Ill. App. 3d 559; *Allender v. City of Chicago Zoning Board of Appeals* (1978), 63 Ill. App. 3d 204, 208.

The defendants argue that Kuney did not exhaust his administrative remedies before filing his claim because he could have appeared before the De Kalb city council to obtain a special use permit. Their basis for this argument is that the property is subject to a restriction which required the owner to obtain city council approval before building any structures on the property. Therefore, because Kuney did not appear before the city council, defendants contend that he did not ex-

haust his administrative remedies. We disagree.

■ The doctrine of exhaustion of remedies is a basic precept of administrative law. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 357-58.) However, exceptions to this rule have been recognized in many instances. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358.) One exception is when multiple remedies exist before the same zoning board and one remedy has been exhausted. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 214; *People ex rel. Fahner v. American Telephone & Telegraph Co.* (1981), 86 Ill. 2d 479, 487; *Herman v. Village of Hillside* (1958), 15 Ill. 2d 396, 408.) In *Village of Cary v. Pollution Control Board* (1980), 82 Ill. App. 3d 793, the court held that Cary was not required to petition for a new variance before contesting a variance action taken by the Pollution Control Board. *Village of Cary v. Pollution Control Board* (1980), 82 Ill. App. 3d 793, 799.

■ In the present case, Kuney applied for a building permit, and when that permit was denied, he appealed the decision to the zoning board of appeals and then to the circuit court. While plaintiff could have chosen to appear before the city council, he opted for an alternative administrative proceeding and had exhausted those remedies. In addition, plaintiff argues to this court that the restriction does not apply to him. To force plaintiff to apply for a special use permit before filing his claim before this court would not only require him to pursue alternative remedies before appeal, but would be tantamount to a forced admission that the restriction applies to him. This would be a "strained application of the exhaustion doctrine." (*Village of Carey v. Pollution Control Board* (1980), 82 Ill. App. 3d 793, 799.) Therefore, we find that this case is properly before the court.

The primary issue to be determined in this case is whether the special use restrictions contained in the 1968 and 1977 plats of the relevant property apply to Kuney. Plaintiff's attack on the plats is twofold. First, plaintiff argues that the plats are not proper statutory plats; thus, the covenant is ineffective. Second, Kuney contends that he did not have actual or constructive notice of the restrictions placed in the plat.

■ With respect to the question of the validity of the plats, Kuney argues that the plats are ineffective in creating any restrictions on building because they are not statutory plats. In order for a plat to be effective as a dedication, it must be in strict and full compliance with "An Act to revise the law in relation to plats" (Ill. Rev. Stat. 1985, ch. 109, par. 1 *et seq.*). (*Sundstrom v. Village of Oak Park* (1940), 374 Ill. 632, 638; *Road King Petroleum Products, Inc. v. Vil-*

*lage of Wood Dale* (1974), 23 Ill. App. 3d 181, 184.) Plaintiff's contention is that because Ropa, Inc., did not own all of the property when it filed the plats, Ropa could not effectively place a restriction on the entire quadrangle.

■ The 1968 and 1977 plats each contain on their face an "open space covenant." The provision in the 1968 plat reads as follows:

"Whereas, the undersigned, Ropa, Inc., an Illinois corporation hereby warrant that they are the owners of the real property in the City of De Kalb, County of De Kalb, and in the State of Illinois or in the County of De Kalb within 1½ miles of the corporate limits of the City of De Kalb described in Lot 1 in Block 1 (etc.— Described above) *** The undersigned owners of the real porperty [*sic*] herein described hereby individually and jointly warrant and covenant that all of the Lot (Described above) hereby is dedicated as per plat, as open space and open area, and no structures or other artificial facilities shall be constructed in or upon said real property *with* the express consent of the City Council of the City of De Kalb *** Warantys [*sic*] and covenants herein contained shall be and remain in effect until any or all thereof are expressly released by the City Council of the City of De Kalb and are intended to be and shall continue to be covenants running with the land herein above described ***." (Emphasis added.)

While the covenant does state that no structures "shall be constructed *** with the express consent of the City Council," plaintiff does not argue before this court that the word "with" was correctly placed in that phrase. Covenants are to be interpreted so as to effectuate the actual intent of the parties as determined from the whole document and the circumstances surrounding its execution. (*Streams Sports Club, Ltd. v. Richmond* (1983), 99 Ill. 2d 182, 188; *Amoco Realty Co. v. Montalbano* (1985), 133 Ill. App. 3d 327, 331.) Clearly, a reading of the document as a whole indicates the word "without" was meant, not the word "with," and that is the meaning this court will give the covenant.

■ The 1968 plat was recorded on June 20, 1968, and was acknowledged by Ropa, Inc., as the owner of the property described in the plat. Ropa, Inc., owned approximately one-sixth of the property, and Paul Alongi, Neil Scott, and Robert W. Hultgren owned the remainder of the property. Plaintiff maintains that because Ropa, Inc., did not own the entire property described in the plat, it could not covenant to restrict the use of the property. In *James B. Clow & Sons, Inc. v. Chesterfield Sewer & Water, Inc.* (1963), 39 Ill. App. 2d 279

(abstract of opinion), the court held that if a person filing a plat is not the owner of the land, the plat is not a statutory plat and is ineffective as a conveyance. (*James B. Clow & Sons, Inc.*, slip op. at 17.) However, if a legal owner of property makes a plat, but does not record or acknowledge the plat until after he has conveyed the legal title, any dedication is a common law dedication if the subsequent owners acted on and recognized the plat. *McMahon v. Borland* (1914), 262 Ill. 358, 373-74.

The dedication in the present case was not a grant of land to the City of De Kalb, but rather a dedication that some of the land in a subdivision would remain green, open space. This "dedication" was recognized by the immediate owners of the property, and the subsequent owners, as evidenced by the actions of Mr. Tadd, Kuney's predecessor in interest. The record indicates that Tadd recognized the existence of the open space covenant and that he changed his plan to build a 30-unit apartment building to a 21-unit apartment building in order to obtain council approval.

■ For a common law dedication to be effective, there must be an intention to donate the land to public use, acceptance by the public, and unequivocal evidence of the first two elements. (*Reiman v. Kale* (1980), 83 Ill. App. 3d 773, 776; *Department of Transportation v. Thomas* (1978), 59 Ill. App. 3d 684, 689; *Village of Joppa v. Chicago & Eastern Illinois R.R. Co.* (1977), 51 Ill. App. 3d 674, 678.) There is clear and unequivocal evidence that both elements exist in this case. The placement of the restriction on the plats combined with Tadd's actions in negotiating with the city council indicate donative intent on the part of the owners of the property. The city's action in accepting the plats, in addition to their actions in scaling down the originally planned 30-unit building, is evidence of public acceptance. While we agree with plaintiff that the plats were not statutory plats, they were effective to make a common law dedication that space in the subdivision would be left open.

■ Plaintiff's second contention is that he had no actual or constructive knowledge of the restrictions; therefore, they do not apply to him. Anyone seeking to enforce a restriction must show that the lot was purchased with actual or constructive knowledge of the restriction. (*Exchange National Bank v. City of Des Plaines* (1975), 32 Ill. App. 3d 722, 732.) The record in this case indicates that Kuney was aware of the open space covenant before he purchased the property.

■ Early in 1977, Kuney was employed as an architect to design a 30-unit apartment building on the property which is the subject of

the suit. The developer subsequently informed plaintiff that he was having difficulties with the city and asked Kuney to redesign the structure as a 21-unit building. When Kuney began to redesign the building, he examined the 1968 plat and became aware of the open space requirement. Subsequently, Kuney purchased an interest in the property. Thus, Kuney had actual knowledge of the open space covenant and, as such, is bound by the restrictions of that covenant.

■■ Because our conclusions conform with the order of the trial court, we reject plaintiff's argument that the decision of the court was against the manifest weight of the evidence. It is also unnecessary for us to rule on the other issues raised by both the plaintiff and defendant in this case, due to our conclusion that Kuney was bound by the open space covenant.

For the foregoing reasons, the order of the circuit court of De Kalb County is affirmed.

Affirmed.

HOPF and DUNN, JJ., concur.