NATIONAL ADVERTISING COMPANY, Plaintiff–Appellant,

v.

MISSOURI STATE HIGHWAY AND TRANSPORTATION COMMISSION and the City of St. Louis, Defendants–Respondents.

No. 62285.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 19, 1993.

Patrick C. Dowd, St. Louis, and Newman, Comley & Ruth, Stephen G. Newman, Jefferson City, for plaintiff-appellant.

James J. Wilson, City Counselor and James L. Matchefts, James A. Hartung and David Richard Bohm, Asst. City Counselors, St. Louis, for defendant-respondent City of St. Louis.

KAROHL, Judge.

Plaintiff appeals after trial court decreed, inter alia, St. Louis City Zoning Ordinance # 60704, which prohibits the construction of any new off-premises commercial signs as of March 11, 1988, is valid and not preempted by the Missouri Billboards Act § 226.500 to § 226.600 RSMo. Cum.Supp.1990 (partially revised 1992), which permits said signs. We reverse.

Plaintiff, National Advertising Co. (National), engages in the business of erecting signs upon which advertisements are displayed. Currently at issue are two privately-owned parcels of land zoned industrial and located within the City of St. Louis along an interstate highway. On these parcels, plaintiff wishes to erect and maintain off-premises commercial signs. However, St. Louis zoning ordinance # 60704 prohibits the construction of new off-premises commercial signs as of March 11, 1988.

National filed permit applications with the Missouri State Highway and Transportation Commission (Commission), which is responsible for administering and enforcing the Missouri Billboards Act, § 226.500 to § 226.600, RSMo. Cum.Supp.1990 (partially revised 1992), (the Act). State permit inspectors determined that both proposed signs complied with all provisions and regulations of the Act. However, on February 14, 1989, the Commission refused to issue state permits because as of that date, state permits were not required for signs in areas zoned commercial or industrial. After a 1992 revision in the Act, permits were issued to National.

National filed suit in Cole County against both the Commission and the City of St. Louis. National wanted the court to declare the zoning ordinance was preempted by the Act. The Circuit Court held the ordinance was not preempted by the Act, and therefore, the Commission was not required to issue state permits. Plaintiff appealed. In January of 1991, the Missouri Court of Appeals,

Western District, decided on jurisdictional grounds the case had been improperly tried in Cole County and should have been brought in St. Louis.

The same cause was retried September 10, 1991, in St. Louis Circuit Court. The St. Louis court also decided the Commission was not required to issue permits to National because the Act did not preempt the zoning ordinance. We disagree.

Our legislature recently amended the Billboards Act. The amendment, which took effect August 28, 1992, changed the Act to now require state permits for signs on land zoned commercial or industrial. Section 226.540(7)(a) Cum.Supp.1992. National then reapplied for state permits. On March 2, 1993, the Commission issued permits for each proposed sign.

This change in the statute rendered moot one issue on appeal regarding whether the Commission is required to issue permits for signs on land zoned industrial or commercial within the City of St. Louis. Subsequently, National filed a motion to dismiss the appeal as to the Missouri Highway and Transportation Commission; and on March 31, 1993, we dismissed that part of the appeal. The City of St. Louis remains as the sole respondent.

■ The only issue on appeal is whether the Missouri Billboards Act preempts St. Louis City Zoning Ordinance # 60704. We hold it does because the ordinance conflicts with the express purpose of the Act.

■ This case was tried on stipulated facts. We therefore need only review the trial court's conclusions of law. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979). The trial court's judgment will be sustained unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ When construing statutes, we must ascertain the legislature's intent by considering the plain and ordinary meaning of the words used in the statute. *Jones v. Dir. of Revenue*, 832 S.W.2d 516, 517 (Mo. banc 1992). Additionally, the statute must be viewed as a whole and read in its entirety. *A.B. v. Frank*, 657 S.W.2d 625, 628 (Mo. banc

1983); *Staley v. Mo. Dir. of Revenue*, 623 S.W.2d 246, 248 (Mo. banc 1981).

■ An ordinance may supplement or enlarge upon the provisions of a state statute by requiring more than what is required in the statute. *Page Western v. Community Fire Protection*, 636 S.W.2d 65, 67–68 (Mo. banc 1982); *Monsanto Co. v. Cox*, 791 S.W.2d 483, 486 (Mo.App.1990). However, if the "expressed or implied provisions of each are inconsistent and in irreconcilable conflict," then the ordinance is voided or annulled by the state statute. *Page Western v. Community Fire Protection*, 636 S.W.2d at 67; *Morrow v. City of Kansas City*, 788 S.W.2d 278, 281 (Mo. banc 1990). To determine if a conflict exists, the test is whether the ordinance prohibits that which the statute permits or permits that which the statute prohibits. *Page Western v. Community Fire Protection*, 636 S.W.2d at 67.

■ We find that the ordinance clearly prohibits that which the statute permits. When reviewing the ordinance, we may consider its implied provisions as well as its actual expressed provisions. *Id.* Both the ordinance's application and its language conflict with the Act.

According to the ordinance, no new off-premises commercial signs may be erected within the City of St. Louis after March 11, 1988. The Act unmistakably allows such signs. More specifically, the ordinance prohibits National's two proposed signs while the Act permits said signs as evidenced by the state permits issued to National March 2, 1993.

The City argues zoning Ordinance # 60704 does not prohibit that which the Act permits; however, it has not directly addressed this point. Instead, it would distinguish the case of *Monsanto v. Cox*, 791 S.W.2d 483 (Mo. App.1990) cited by National as propounding the point of law that an ordinance may not prohibit that which a state statute permits. The city does not attempt to distinguish, nor does it acknowledge, eight additional cases cited by National in support of the maxim that a city may not prohibit by ordinance what is allowed by a state statute. Included among these cases is *Page Western v. Community Fire Protection*, 636 S.W.2d 65 (Mo. banc 1982).

The city also maintains the Act itself authorizes the enforcement of zoning Ordinance # 60704. The Act provides a three-part test by which a local ordinance can become the applicable rule of law concerning land zoned industrial or commercial. Section 226.540(7) Cum.Supp.1992. If an ordinance passes the test, § 226.540 (regarding permissible signs and their specifications) will not be applied as long as the ordinance remains in effect. To qualify, the local ordinance: 1) must include regulations with respect to the size, lighting and spacing of signs, 2) must be consistent with the intent of the Act, and 3) must also be consistent with customary use. Section 226.540(7) Cum.Supp.1992.

The city argues part one of the test is met because signs existing before March 11, 1988, may remain as long as they conform to applicable state and federal law. Ordinance # 60704, § 4. Therefore, by adopting an ordinance which regulates the size, lighting and spacing of existing signs, the city argues its ordinance has complied with part one. However, the ordinance is still prohibitory with respect to limiting the number of signs to those erected before March 11, 1988.

Furthermore, the city's ordinance is not consistent with the intent of the Act and fails part two of the test. The ordinance's purpose, to rid the city of all outdoor advertising, is very clear. The ordinance emphasizes in its precatory paragraph, "outdoor general advertising devices create visual clutter, diminish aesthetic appeal of our streets and highways, distract pedestrians and motorists, thereby creating hazards, and detract generally from the City's desirability as a residential, business and tourism center." Ordinance # 60704. However praiseworthy is the ordinance's purpose, it is not consistent with the Act.

The purposes of the Billboards Act are very clear. The first section of the Act provides as follows:

The general assembly *finds and declares that outdoor advertising is a legitimate commercial use of private property adjacent to the interstate and primary high-*

*way systems* and that it is necessary to regulate and control same to promote highway safety, to promote convenience and enjoyment of highway travel, and to preserve the natural scenic beauty of highways and adjacent areas. The general assembly further declares it to be the policy of this state that the erection and maintenance of outdoor advertising in areas adjacent to the interstate and primary highway systems be regulated in accordance with sections 226.500 to 226.600 and rules and regulations promulgated by the state highways and transportation commission pursuant thereto. (Section 226.500). [Our emphasis].

Our legislature chose to prominently validate and affirm the use of outdoor advertising signs in our state. This was done in the first sentence of the first section of the Act. One purpose of the Act is to promote aesthetics, convenience and safety. However, this is not the only purpose. The Act declares the validity of such signs before addressing the need for regulation.

As the city states in its brief, "at least one purpose of the act is to preserve the natural scenic beauty of the areas along highways," and "the City's Ordinance is obviously consistent with this purpose of the act." However, the Act must be read in its entirety, and the ordinance must be consistent with the purpose of the Act taken as a whole. *A.B. v. Frank,* 657 S.W.2d at 628; *Staley v. Mo. Dir. of Revenue,* 623 S.W.2d at 248. It is not enough that an ordinance is consistent with one clause, yet violates the purpose of the Act taken as a whole.

Our supreme court held that § 226.530 RSMo Cum.Supp.1992, concerning signs visible from the highway but located on private property, "mandates a minimum of regulation" of these signs. *Mo. Outdoor Adv. v. Hwys. & Transp. Com'n,* 826 S.W.2d 342, 344 (Mo. banc 1992). Section 226.530 provides:

> The state highways and transportation commission is required to issue one-time permanent permits as provided in section 226.550 *for the erection* and maintenance of

outdoor advertising along the interstate and primary highway systems and subject to section 226.540 to promulgate only those rules and regulations of *minimal necessity* and consistent with customary use to secure to this state any federal aid contingent upon compliance with federal laws, rules and regulations relating to outdoor advertising.... [Our emphasis].

"It is clear from Sec. 226.500 to 226.600 that the legislature undertook to do the bare minimum by way of regulating the outdoor advertising which it could do and still not suffer the loss of federal highway funds." *Osage Outdoor Advertising v. State Hwy. Com'n,* 624 S.W.2d 535, 537 (Mo.App.1981).[1]

Part three of the test requires the ordinance to be consistent with customary use. This requirement has not been satisfied by the ordinance. The preamble to § 226.540 of the Act defines customary use to be use consistent with the Act's regulations. *Stephenson's Rest. v. Mo. State H. & T. Com'n,* 666 S.W.2d 437, 442 (Mo.App.1984). The Act does not ban off-premises commercial signs, it regulates their size, lighting, spacing, etc. The ordinance bans such signs as of March 11, 1988. It is not possible to give meaning and enforce an Act where the ordinance prohibits the existence of the business to be regulated. Such a complete prohibition is not consistent with the Act's definition of customary use.

Zoning Ordinance # 60704 is a direct prohibition of off-premises signs and not merely a supplement to or an enlargement of the Billboards Act. An ordinance may not prohibit what a state statute allows. Additionally, the ordinance does not meet the three-part test found in the Act by which the state law would give way in favor of a local ordinance. Although the ordinance does have space, light and size restrictions with regard to existing signs, other provisions are not consistent with the intent of the Act nor with customary use.

---

1. For a discussion of the birth and evolution of our Billboards Act pursuant to federal prodding and threatened withdrawal of federal funds, see *Eller Outdoor Ad. v. Mo. State Highway Com'n,* 629 S.W.2d 462, 463–464 (Mo.App.1981).

The ordinance does contain a severability clause. Ordinance # 60704, § 6. The prohibitory provisions may not be applied along interstate roadways regulated by the Act. The regulations for existing signs and those to be erected survive. The provisions of the ordinance relating to prohibiting new signs on interstate roads are void and unenforceable.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

CRANE, P.J., and CRAHAN, J., concur.