**STATE of Missouri, ex rel., DRURY DISPLAYS, INC., Respondent,**

v.

**CITY OF COLUMBIA, MISSOURI and Board of Adjustment of the City of Columbia, Missouri, Rhonda Carlson, Dana Weaver, Donald Lang, Stuart Scroggs, and Philip Irons, Appellants.**

No. WD 50365.

Missouri Court of Appeals, Western District.

Sept. 26, 1995.

Susan G. Crigler, Columbia, for appellants.

H.A. Walther, Walther, Antel & Stamper, Columbia, for respondent.

Before FENNER, C.J., and BRECKENRIDGE and SMART, JJ.

BRECKENRIDGE, Judge.

The City of Columbia, Missouri, and the City's Board of Adjustment[1] appeal from a judgment declaring that a City ordinance prohibiting the erection of new off-premises billboards is void. The City contends that the trial court lacked jurisdiction to consider the declaratory judgment claim, and that the ordinance is not void because it does not conflict with the Missouri Billboards Act, §§ 226.500 to 226.600, RSMo 1994.[2]

The Missouri Highway and Transportation Commission issued a permit to Drury Displays, Inc., to erect a billboard along Interstate 70. Drury then applied to the City for a permit to erect the sign. The application was denied on the basis of § 23–2(i) of the City's Code of Ordinances, which prohibits the erection of new off-premises billboards. Drury appealed to the Board of Adjustment, which denied relief.

Drury then filed a two-count petition which challenged both the decision of the Board and the legality of the ordinance. Count I

---

1. The appellants will be collectively referred to as the "City" herein.

2. Unless otherwise indicated, all statutory references are to the Revised Statutes of Missouri 1994.

requested review of the Board's decision by its petition for a writ of certiorari pursuant to § 89.110. Count II sought a declaratory judgment that § 23–2(i) of the City Code was void because it was in conflict with the Missouri Billboards Act.

The City filed a motion to dismiss Count II of the petition, claiming that Count I invoked only the limited jurisdiction of the trial court, and therefore the court lacked authority to also issue a declaratory judgment. The parties filed briefs addressing whether certiorari was the appropriate vehicle to resolve the case and whether a declaratory judgment claim was necessary; whether certiorari and declaratory judgment could be pleaded in the same petition; and whether the ordinance was void because it was in conflict with the Missouri Billboards Act. After oral argument, the trial court then entered the following judgment:

> The court, being of the opinion that writ of certiorari is an inappropriate and inadequate remedy for examining the underlying ordinance upon which the Board of Adjustment has based its decision, finds in favor of Respondent Board of Adjustment and against Relator on Count I. Motion to dismiss Count II is denied. The court, finding that Section 23–2(i) of the Code of Ordinances of the City of Columbia, Missouri, conflicts with Section 226.50 et seq of the Revised Statutes of MO (a/k/a the Billboard Act) determines said ordinance is void. National Advertising Company v. Missouri State Highway and Transportation Commission and the City of St. Louis, 862 S.W.2d 953 (Mo.App.E.D.1993). Judgment on Count II is entered in favor of Drury Displays, Inc., and against the City of Columbia. Costs taxed against City of Columbia.

■ In its first point on appeal, the City claims that the trial court lacked subject matter jurisdiction to consider Count II of Drury's petition. Therefore, the City contends, the trial court erred by failing to grant its motion to dismiss Count II.

The City's jurisdictional argument is based upon the fact that Count II was brought in the same petition as a count seeking to engage the trial court in a special statutory mode of judicial review under § 89.110. The City claims that the petition's request for relief under § 89.110 only invoked the limited jurisdiction of the trial court, and therefore the trial court was not authorized to exercise its plenary jurisdiction in considering a declaratory judgment claim.

■ In support of its contention, the City cites the following language from this Court's opinion in *Deffenbaugh Industries, Inc. v. Potts,* 802 S.W.2d 520, 522 (Mo.App.1990):

> The circuit court, although a court of general jurisdiction, exercises special powers confided by special statutes when it undertakes judicial review of a final administrative decision in a contested case under §§ 536.100 to 536.140. It can take cognizance of only those matters invested, so that its power to adjudicate is to the extent of the grant of the statute. The special statute defines the right as well as the remedy, so that a grant of relief beyond the authority of the statute is only pretense and without effect. A judgment of a circuit court under §§ 536.100 to 536.140, therefore, is an adjudication of a court of limited jurisdiction.

(Citations omitted). This rule also applies to an action for judicial review under § 89.110, as the *Deffenbaugh* court made clear by citing the rule in reference to an action which the court treated as one for remedy under § 89.110. *Id.*

■ The *Deffenbaugh* court indicated that it is a legal nullity for a trial court to exercise both its limited statutory jurisdiction and its general plenary jurisdiction in the same proceeding. *Id.* However, this rule was expressed in a case where judicial review was an appropriate vehicle to challenge the administrative decision, and where the trial court actually engaged in the exercise of its special statutory power of review and proceeded to rule on the merits of the administrative decision. The question before this court is whether the same rule applies when the trial court refuses to invoke its limited statutory jurisdiction because judicial review as authorized by statute is an inappropriate vehicle for relief from the administrative action being challenged.

The error in *Deffenbaugh* did not arise because a party plead both certiorari and declaratory judgment in a petition, as Drury did in the case at bar. Rather the trial court's error was a result of the fact it had proceeded to a judgment on the merits on both the certiorari and declaratory judgment counts. *Id.* It is the responsibility of the trial court to proceed with only one of those two counts. Here, the trial court carried out this responsibility, unlike the trial court in *Deffenbaugh.*

■ In the case at bar, the trial court was correct in its conclusion that a writ of certiorari under § 89.110 was inappropriate. A challenge to the validity of an ordinance is a challenge of an exercise of a legislative function, and certiorari does not lie to review the exercise of legislative power. *Allen v. Coffel,* 488 S.W.2d 671, 673 (Mo.App.1972). The trial court's conclusion that certiorari was inappropriate in this case was, in essence, an acknowledgement that the trial court lacked the limited jurisdiction bestowed by § 89.110 to exercise judicial review by means of a writ of certiorari, considering the issues raised in this case. Because the trial court did not exercise its limited jurisdiction of special statutory review bestowed by § 89.110, there was no conflict with its exercise of general plenary jurisdiction in considering a count for declaratory judgment. The City's first point on appeal is denied.

■ In its second point on appeal, the City claims that the trial court erred by ruling prematurely on the merits of Count II of Drury's petition, which sought a declaratory judgment that § 23–2(i) of the City Code was void because it was in conflict with the Missouri Billboards Act. The City contends that it was not given a full and fair opportunity to defend the validity of the ordinance before it was held void by the trial court.

The City's argument is based upon the procedural history of this case. After Drury filed its two-count petition with the trial court, the City did not file an answer denying the allegations in the petition. Instead, the City filed a motion to dismiss Count II, raising the issues discussed above in the first point on appeal. Then, both parties signed a "Consent to Ruling," the scope of which is in dispute between the parties on appeal. The Consent stated that both parties were to file trial briefs by 8–22–94, and also stated: "Cause to be submitted for decision by court on 8–22–94."

A docket entry by the trial court describes the proceedings surrounding the filing of the Consent as follows:

Plaintiff appears by counsel. Defendants appear by counsel and file motion to dismiss Count II and memorandum. Parties file consent to ruling. As to Count I, relator is given until 8/22/94 to reply to motion to dismiss Count II.

Drury contends that the City has no right to complain that the judgment was premature because it interprets these procedural entries to mean that the City consented to a ruling on the merits of Count II. The City interprets these procedural entries to mean that it only consented to a ruling on its motion to dismiss Count II, not to a ruling on the merits of the claim contained therein.

■ However, the City's contention that it was denied an opportunity to effectively challenge the merits of Count II of Drury's petition is contradicted by the record. The Consent unambiguously provides that the "cause" was to be submitted for decision by the court, not that the Motion to Dismiss Count II was to be submitted. The language in the parties' Consent must be given its plain and ordinary meaning and be interpreted as it fairly appears to have been intended by the parties. *See Burns v. Black & Veatch Architects, Inc.,* 854 S.W.2d 450, 457 (Mo. App.1993).

The parties' intent that the "cause" be ruled on can be inferred from their conduct. Prior to the filing of the Consent, the parties filed a stipulation of facts. Subsequent to filing the Consent, the parties filed trial briefs and a second Consent to Ruling, agreeing that the "case" be set for oral argument. Thereafter, at such hearing, the parties appeared and the trial court noted that the "*cause* is argued and submitted." (Emphasis added).

In addition, the City's trial brief is included in the record on appeal, and in that brief

the City offered a thorough legal argument on the merits of Count II, not just on its motion to dismiss. The brief included the City's challenge to Drury's claim that the City ordinance was in conflict with the Missouri Billboards Act. In fact, the argument presented by the City in its trial brief is essentially the same as the argument which the City now presents in its third point on appeal, which challenges the trial court's ruling on the merits of Count II.

■ Under all the circumstances in this case, the trial court's action in ruling on the merits of Count II in response to the City's filing its Consent to Ruling was not erroneous. "The general rule is that a party cannot complain on appeal of procedure which was adopted in the trial court at his own request." *Hilton v. Crouch*, 627 S.W.2d 99, 102 (Mo.App.1982). The City's second point on appeal is denied.

■ In its third point on appeal, the City claims that the trial court erred by declaring that § 23–2(i) of the City's Code of Ordinances was void because it was in conflict with the Missouri Billboards Act. The City contends that no such conflict exists because the provisions of the ordinance are consistent with the intent of the Missouri Billboards Act, insofar as the ordinance allows existing billboards to remain in place, echoes the Act's concern for the preservation of natural scenic beauty along the state's highways, and is in keeping with the Act's purpose of maintaining federal funding of highways by satisfying federal law.

■ A municipal ordinance must be consistent with the general law of the state, and the ordinance is void if the two are in conflict. *Morrow v. City of Kansas City*, 788 S.W.2d 278, 281 (Mo. banc 1990). To determine whether an ordinance conflicts with a state statute, the test is whether the ordinance prohibits what the statute permits or permits what the statute prohibits. *Id.*

In the case at bar, the City's ordinance prohibits the erection of all new off-premises billboards. The Missouri Billboards Act, on the other hand, "unmistakably allows such signs." *National Advertising v. Hwy. & Tr. Com'n*, 862 S.W.2d 953, 955 (Mo.App.1993).

Therefore, the ordinance clearly prohibits what the statute permits. *Id.*

■ Nevertheless, the City argues that the provisions of the ordinance are valid pursuant to § 226.540(7) of the Act, which defines certain circumstances under which a local ordinance might supersede the provisions of the Act as follows:

> In zoned commercial and industrial areas, whenever a state, county or municipal zoning authority has adopted laws or ordinances which include regulations with respect to the size, lighting and spacing of signs, which regulations are consistent with the intent of sections 226.500 to 226.600 [the Missouri Billboards Act] and with customary use, then from and after the effective date of such regulations, and so long as they shall continue in effect, the provisions of this section shall not apply to the erection of signs in such areas.

In other words, in order to supersede the Act, a local ordinance must satisfy all three prongs of the following test: (1) the ordinance must include regulations with respect to the size, lighting, and spacing of signs; (2) the ordinance must be consistent with the intent of the Act, and (3) the ordinance must also be consistent with customary use. *National Advertising*, 862 S.W.2d at 955.

At the very least, the City's ordinance in this case fails part two of this test, as it is not consistent with the intent of the Act. The very first section of the Act states: "The general assembly finds and declares that outdoor advertising is a legitimate commercial use of private property adjacent to the interstate and primary highway systems...." Section 226.500. As the *National Advertising* court observed, the legislature chose to affirm the use of billboards in the first sentence of the first section of the Act, thereby declaring the validity of such signs before addressing the need for regulation. *National Advertising*, 862 S.W.2d at 956.

It is true, as the City argues in its brief, that the Act also expresses the purpose of preserving natural scenic beauty and maintaining federal highway funds, and these purposes are not inconsistent with the ordinance. The Act, however, must be read in its entire-

ty, and the City's ordinance prohibiting all new off-premises billboards is inconsistent with the purpose of the Act as a whole. *Id.* "It is clear from §§ 226.500 to 226.600 that the legislature undertook to do the bare minimum by way of regulating the outdoor advertising which it could do and still not suffer the loss of federal highway funds." *Osage Outdoor Advertising v. State Hwy. Com'n,* 624 S.W.2d 535, 537 (Mo.App.1981). The City's third point on appeal is denied.

The judgment of the trial court is affirmed.

All concur.