**COMBINED COMMUNICATIONS CORPORATION, Plaintiff–Respondent,**

v.

**CITY OF BRIDGETON, Defendant–Appellant.**

**No. 70528.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Application to Transfer Denied
March 25, 1997.

**462**

Peper, Martin, Jensen, Maichel and Hetlage, William A. Richter & Michael R. Annis, St. Louis, for Defendant–Appellant.

Jones, Korum, Waltrip & Jones, Robert C. Jones & Daniel S. Rork, St. Louis, for Plaintiff–Respondent.

Before RHODES RUSSELL, P.J., and SIMON and KAROHL, JJ.

PER CURIAM.

Defendant, City of Bridgeton, appeals summary judgment in favor of plaintiff, Gannett Outdoor Company, a division of Combined Communications Corporation, on Count I of its petition for injunction. Gannett challenged a Bridgeton Ordinance on three separate grounds. It alleged: (1) the Missouri Billboards Act, §§ 226.500 to 226.600, RSMo.Cum.Supp.1993 (the Act) preempts Bridgeton's Ordinance as applied to billboards;[1] (2) the Ordinance violates Article I, Section 8 of the Missouri Constitution and the First Amendment of the United States Constitution; and (3) the Ordinance is prohibitive and confiscatory and thus violates Article I, Section 10 of the Missouri Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. The trial court found Bridgeton's Ordinance 94–52 unconstitutional, null, void and of no effect. We reverse and remand.

On July 20, 1994, Bridgeton enacted Ordinance 94–52 (the Ordinance), codified as Bridgeton Municipal Code § 610.090 and entitled "Service Occupation Tax." It alleged the Ordinance imposed "a business license tax on the business of operating a billboard." It established a yearly "tax" of $5,000 on every billboard located within Bridgeton's city limits. Bridgeton is a constitutional charter city located in St. Louis County.

Gannett is an outdoor advertising company whose business includes the erection and operation of billboards. It owns a billboard (with two faces) within Bridgeton's city limits. It paid less than $50,000 to construct the billboard in December, 1994. It paid $52,000 in advance for five years site rent. It incurred an average of less than $20,000 in direct annual operation costs. It anticipates over $40,000 and less than $50,000 per year in gross revenues from the billboard. In compliance with the Ordinance, Bridgeton charged and Gannett paid $5,000 for the operation of the billboard during 1995.

Bridgeton filed a summary judgment motion on July 5, 1995. Gannett filed a summary judgment motion on November 11, 1995. The motions were supported by affidavits and answers to interrogatories which supplied the summary judgment facts. After considering the summary judgment facts and arguments by both parties, the trial court entered judgment for Gannett declaring the Ordinance "unconstitutional, null, void, and of no effect." It ordered Bridgeton to refund the 1995 payment to Gannet. It did not make findings of fact. Bridgeton appeals from this judgment.

We review under the standard set forth in *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). We will review the record in the light most favorable to the party against whom summary judgment was entered. *Id.* at 376. Our review is essential-

---

1. The parties have not provided a definition of "billboard" in Bridgeton's records.

ly *de novo. Id.* The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question. *Id.* at 380.

Here there is no genuine dispute about the material facts. The issue is whether Gannett was entitled to summary judgment as a matter of law on any of three grounds. Bridgeton raises three points on appeal.

■ First, Bridgeton argues the trial court erred in granting summary judgment because the Missouri Billboards Act does not preempt the Ordinance. We agree. An ordinance may supplement or enlarge upon the provisions of a state statute by requiring more than what is required in the statute. *National Advertising Company v. Missouri State Highway and Transportation Commission,* 862 S.W.2d 953, 955 (Mo.App.E.D.1993). However, if the expressed or implied provisions of each are inconsistent and irreconcilable then the ordinance is voided or annulled by the state statute. *Id.* To determine if a conflict exists, the test is whether the ordinance prohibits that which the statute permits or permits that which the statute prohibits. *Id.*

We find the Ordinance does not prohibit that which the statute permits, nor does it permit that which statute prohibits in a case where the billboard is in commercial use and the amount of the annual fee or tax is only a fraction of the annual income. If the tax exceeded available income, in a private or a commercial usage, so that the tax would become a barrier to use of a billboard which the state statute approves, then it would be preempted in those areas where the statute permits and regulates billboards. The state statute does not address the issue of assessing an annual fee or a tax on billboards. The only related provision in the statute is § 226.540(7)(b) which permits a county or municipality to charge a reasonable one-time permit or inspection fee when a sign is first erected. The service occupation tax imposed by the Ordinance does not replace the inspection fee and is not prohibited by the statutes. We find the state statute does not preempt the Bridgeton tax on a billboard with rental income in excess of the tax.

Additionally, the Ordinance does not conflict with the purposes of the Act in validating and affirming the use of outdoor advertising signs on "interstate and primary highway systems" which promote aesthetics, convenience and safety. The Ordinance does not exclude Gannett's option to erect and maintain a profitable billboard in Bridgeton, nor does it interfere with the stated purposes of the Act.

■ Second, Bridgeton argues the trial court erred in granting summary judgment because the Ordinance does not intrude upon Gannett's exercise of free speech as provided in Article I, Section 8 of the Missouri Constitution or the First Amendment of the United States Constitution.

■ A tax scheme which discriminates among speakers does not implicate the First Amendment unless it discriminates on the basis of ideas. *Leathers v. Medlock,* 499 U.S. 439, 450, 111 S.Ct. 1438, 1445–46, 113 L.Ed.2d 494 (1991) *citing Regan v. Taxation with Representation of Washington,* 461 U.S. 540, 103 S.Ct. 1997, 76 L.Ed.2d 129 (1983). A differential tax scheme does not raise First Amendment concerns unless it "is directed at, or presents the danger of suppressing, particular ideas." *Id.* at 452–53, 111 S.Ct. at 1447. Further, when a tax selects a narrow group of speakers to bear the burden, it is constitutionally suspect. *Id.* at 448, 111 S.Ct. at 1444.

In *Leathers,* the United States Supreme Court held that a sales tax on cable television subscribers, which exempted newspaper and magazine subscribers, did not violate the First Amendment in part because the tax: (1) was one of general applicability which did not target cable television with the purposeful intention to interfere with its First amendment rights; (2) did not select a narrow group to fully bear the burden of the tax; and, (3) was not directed at nor presented danger of suppressing particular ideas. In that case, the tax was imposed on all cable subscribers, regardless of the speech content. Here, § 610.090 imposes a tax on over seventy-five different businesses, many of whom operate businesses depending on speech to the public. The city taxes picture shows, public lectures for profit, telegraph offices,

theatrical or other exhibitions. As such, the tax is assessed against a number, but not all, businesses involving speech. None of the businesses are taxed by reference to the content of a message. We find the tax does not implicate the First Amendment.

▪ Finally, Bridgeton argues the trial court erred in granting Gannett's summary judgment motion because the Ordinance is not prohibitive or confiscatory. As such, it is not a violation of due process guarantees, and therefore, it is not unconstitutional. We agree. The Ordinance is not unconstitutional per se because the annual fee is constitutionally infirm only if it causes a taking of a property interest without due process. Here, the summary judgment facts will not support a finding that the annual tax represents such a taking. It is a proper exercise of authority to raise revenue by taxation.

▪ Moreover, the Ordinance is not unconstitutional as applied to Gannett's billboard. A license fee for revenue purposes must be reasonable, and such a fee fixed by ordinance is prima facie reasonable. *508 Chestnut, Inc. v. City of St. Louis*, 389 S.W.2d 823, 832 (Mo. banc 1965). Before we will interfere and declare it to be unreasonable, a flagrant case of excessive and oppressive abuse of power in levying the tax must be established. *Id.* A business license tax is invalid on the basis of amount when the amount is confiscatory of a legitimate business. *Thunder Oil Company v. City of Sunset Hills*, 349 S.W.2d 82, 87 (Mo. banc 1961). As applied to Gannett's billboard, the Ordinance is not unreasonable and as such not unconstitutional. By Gannett's own evidence they are earning annual net revenues far in excess of the $5,000 tax. If the Ordinance was applied against a billboard with little or no available income, then enforcement of the Ordinance might be unconstitutional as confiscatory. We do not have that issue before us.

We find as a matter of law, Gannett was not entitled to summary judgment because the Ordinance cannot be found unconstitutional. We reverse and remand.