**STATE of Missouri ex rel. WHITECO INDUSTRIES, INC. d/b/a Whiteco Metrocom, Respondent,**

v.

**Conrad W. BOWERS, Mayor of the City of Bridgeton, et al., Appellants.**

**The CITY OF BRIDGETON, Appellant,**

v.

**WHITECO INDUSTRIES, INC., et al., Respondents.**

**Nos. 72262, 72271, 72355 and 72356.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 27, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 24, 1998.

Application for Transfer Denied
May 26, 1998.

William A. Richter, Peper, Martin, Jensen, and Hetlage, St. Louis, for appellants.

Patrick C. Dowd, St. Louis, for respondents.

JAMES R. DOWD, Judge.

Whiteco Industries, Inc. ("Whiteco") filed a petition in prohibition to prevent the City of Bridgeton ("Bridgeton") from enforcing its building code and billboard ordinance to its off-premises advertising sign ("sign" or "billboard"). The trial court entered a preliminary order in prohibition. Subsequently, Bridgeton filed a petition for declaratory judgment and injunction against Whiteco, to declare that its building code and billboard ordinance were valid and enforceable as applied to Whiteco's billboard, and to enjoin Whiteco from going forward with its proposed sign modification. The trial court entered summary judgment holding that Whiteco is not required to obtain a permit under Bridgeton's Billboard Ordinance but is required to obtain a permit under Bridgeton's Building Code. The court further held that Bridgeton may not deny a permit under its building code other than for reasons of safety. Affirmed.

Whiteco's billboard is located in Bridgeton and is within 660 feet of the right-of-way of an interstate highway. In 1993, Whiteco obtained a state permit for its billboard. The following year Whiteco decided to upgrade the billboard and submitted its proposal to the Missouri Highway and Transportation Commission. The Commission determined that Whiteco's proposed modification was not new construction, and therefore did not require Whiteco to obtain a new state permit. Whiteco subsequently notified the Mayor of Bridgeton of its intent to modify its billboard. In response, Bridgeton informed Whiteco that before proceeding with the proposed modification it must obtain all necessary approvals and permits. Bridgeton also threatened that it would take all appropriate action under the law to prevent Whiteco from proceeding with the project in violation of its building code and billboard ordinance.

Under Bridgeton's Building Code, a building permit must be obtained before an existing structure can be altered. Bridgeton Ordinance 93–78, Sec. 1. In addition, Bridgeton's Billboard Ordinance regulates the size, lighting, and spacing of billboards and requires billboard owners to obtain a permit prior to erecting, altering, or refacing a billboard. Bridgeton Ordinance 84–54, Sec. 1. Bridgeton's Billboard Ordinance contains the following regulation regarding the spacing of signs: "Along interstate highways and freeways on the federal-aid primary system, no sign structure shall be erected within seven hundred fifty feet of an existing sign on the same side of the highway. . . ." Bridgeton Ordinance 94–15, Sec. 2. Bridgeton's Billboard Ordinance also limits the total height for any sign structure. Under the ordinance, "[t]he maximum total height for any sign structure, including the sign face and supports, measured from the ground to the top of the sign, shall be forty-five feet." Bridgeton Ordinance 94–15, Sec. 2.

The Missouri Billboards Act ("Act"), Secs. 226.500–.600 RSMo 1994,[1] regulates billboards in this State. The regulations contained in section 226.540, the section of the Act relevant to this appeal, apply to billboards within 660 feet of the right-of-way of an interstate highway in areas zoned industrial or commercial unless a state, county, or municipal zoning authority "has adopted laws or ordinances which include regulations with respect to the size, lighting and spacing of signs, which regulations are consistent with the intent of sections 226.500 to 226.600 and with customary use." Sec. 226.540(7). The Act contains regulations that are different than the regulations contained in Bridgeton's Billboard Ordinance. With respect to the spacing of billboards, the Act prohibits the erection of signs "within *five hundred feet* of an existing sign on the same side of the highway." Sec. 226.540(3)(a) (emphasis added). Also, although the Act does limit the height of sign *faces,* including border and trim, to thirty feet, it does not regulate the size of the base or apron, supports, and other structural members. Sec. 226.540(2)(a).

---

1. All statutory references are to RSMo 1994 un- less otherwise stated.

Bridgeton raises several points of error on appeal. Bridgeton maintains that the trial court erred in holding that it cannot deny a permit under its building code other than for reasons of safety because the issue of the applicability of particular provisions of its building code to Whiteco's proposed billboard modification was not ripe for adjudication. In the alternative, Bridgeton claims that its building code is not preempted by the Act. Bridgeton also contends that the trial court erred in finding that Whiteco is not required to obtain a permit under Bridgeton's Billboard Ordinance. Whiteco raises a single point of error, alleging that the trial court erred in concluding that it was required to obtain a permit under Bridgeton's Building Code.

## I. Ripeness

■ Generally, parties must exhaust adequate administrative remedies before resorting to an action at law or in equity. *See, e.g., Drury Displays, Inc. v. City of Richmond Heights,* 922 S.W.2d 793, 797 (Mo.App. E.D. 1996); *State ex rel. J.S. Alberici, Inc. v. City of Fenton,* 576 S.W.2d 574, 577 (Mo.App. E.D.1979); *Westside Enter., Inc. v. City of Dexter,* 559 S.W.2d 638, 640 (Mo.App.1977). As stated recently by our Supreme Court, there are several exceptions to the general requirement of exhaustion. A party is not required to exhaust administrative procedures where: (1) no adequate remedy lies through the administrative process, (2) the authority of the political subdivision to impose particular regulations is challenged, (3) the validity of agency rules or the threatened application thereof is at issue, or (4) the authority of a municipal corporation to enact certain regulations under the statutory enabling acts granting it the power to zone is challenged. *Premium Standard Farms, Inc. v. Lincoln Township,* 946 S.W.2d 234, 237 (Mo. banc 1997).

In *Premium Standard Farms, Inc. v. Lincoln Township,* Premium Standard Farms ("Premium") operated a hog farming business located in Lincoln Township. Premium filed a petition for declaratory judgment and an injunction against Lincoln Township to prevent enforcement of zoning regulations that established setback requirements for its livestock feedlots and sewage lagoons. In response to Lincoln Township's argument that Premium had not exhausted administrative procedures, the Supreme Court held that Premium was not required to apply for a variance permit prior to seeking judicial relief because Premium challenged Lincoln Township's authority to impose such regulations. *Premium Standard Farms,* 946 S.W.2d at 237–38; *see also Kuney v. Zoning Bd. of Appeals of the City of De Kalb,* 162 Ill.App.3d 854, 114 Ill.Dec. 695, 516 N.E.2d 850, 852 (1987) ("To force plaintiff to apply for a special use permit before filing his claim before this court ... would be tantamount to a forced admission that the restriction applies to him."); *Boone County Area Plan Comm'n v. Kennedy,* 560 N.E.2d 692, 696 (Ind.App.1990) ("The administrative remedies under the Ordinance were not available to the Kennedys because in their view the proposed use was not covered by the Ordinance unless they abandoned their position the Ordinance did not apply."); *Town of Ashland v. Ashland Investment Co.,* 235 Va. 150, 366 S.E.2d 100, 104 (1988) ("If [the sign owner's position that the ordinance did not apply] should ultimately prevail, it follows the [sign owner] was under no obligation to apply for a sign permit or a variance under the town ordinance. But if the company were to make such application, as the town contends it should, it would necessarily concede that the ordinance was applicable.").

■ In this case, Bridgeton contends that the issue of whether its building code applies to Whiteco's proposed billboard modification is not ripe for adjudication because Whiteco has not exhausted administrative remedies. Indeed, Whiteco has not applied for a permit under either the building code or the billboard ordinance, and has not commenced its plan to modify its billboard. Bridgeton argues that Whiteco's failure to apply for and appeal the denial of its permit application through the grievance procedures provided in its building code, *see* Bridgeton Ordinance 93–78, Sec. 1, and billboard ordinance, *see* Bridgeton Ordinance 84–54, Sec. 1, precluded Whiteco from obtaining judicial relief. We disagree. As in *Premium Standard Farms,* Whiteco's challenge is to Bridgeton's

authority to impose certain regulations on its billboard construction. We believe that compelling Whiteco to utilize the administrative relief provided by Bridgeton before it may seek judicial relief would be tantamount to forcing Whiteco to admit that Bridgeton has the authority to regulate its billboard. We hold that the issue of whether Bridgeton's Building Code and Billboard Ordinance were preempted by the Act was ripe for adjudication. Bridgeton's first point of error is denied.

## II. Preemption of Bridgeton's Billboard Ordinance

■■■ In construing statutes, our primary focus is to ascertain the intent by giving the plain and ordinary meaning to the language employed by the legislature. *Conagra Poultry Co. v. Director of Revenue*, 862 S.W.2d 915, 917 (Mo. banc 1993). To discover the legislature's intent,

> we must examine the words used in the statute, the context in which the words are used and the problem the legislature sought to address with the statute's enactment. We must construe the statute in light of the purposes the legislature intended to accomplish and the evils it intended to cure. A statute must not be interpreted narrowly if such an interpretation would defeat the purpose of the statute.

*Wilson v. Director of Revenue*, 873 S.W.2d 328, 329 (Mo.App. E.D.1994) (internal citations omitted).

The Act was enacted to authorize the commercial use of private property for construction of off-premises advertising signs while regulating such activity to avoid loss of federal highway funds appropriated to Missouri. This Court described the purpose of the Act as follows:

> Our legislature chose to prominently validate and affirm the use of outdoor advertising signs in our state. This was done in the first sentence of the first section of the Act. One purpose of the Act is to promote aesthetics, convenience and safety. However, this is not the only purpose. The Act declares the validity of such signs before addressing the need for regulation.

*National Advertising Co. v. Missouri State Highway & Transp. Comm'n*, 862 S.W.2d 953, 956 (Mo.App. E.D.1993). On numerous occasions Missouri courts have reviewed the legislative history of the Act and have invariably concluded that the General Assembly intended to limit the regulation of off-premises advertising signs to the minimum extent necessary to comply with federal law. *See, e.g., National Advertising Co. v. Missouri State Highway & Transp. Comm'n*, 862 S.W.2d 953 (Mo.App. E.D.1993); *Eller Outdoor Advertising of Kansas City ex rel. Eller Outdoor Advertising of St. Louis Div. v. Missouri State Highway Comm'n*, 629 S.W.2d 462 (Mo.App. W.D.1981); *Osage Outdoor Advertising, Inc. v. State Highway Comm'n of Missouri*, 624 S.W.2d 535, 537 (Mo.App. W.D.1981). Mindful of the General Assembly's intent, we begin our analysis of the Act.

Before a municipal ordinance can become the applicable rule of law with respect to the regulation of billboards it must satisfy the following three-part test provided in section 226.540(7). The ordinance must: (1) include regulations that conform to section 226.540(7) with respect to size, lighting, and spacing of signs, (2) be consistent with the intent of the Act, and (3) be consistent with customary use. Sec. 226.540(7); *Outcom, Inc. v. City of Lake St. Louis*, 960 S.W.2d 1, 5 (Mo.App. E.D.1996); *State ex rel. Drury Displays, Inc. v. City of Columbia*, 907 S.W.2d 252, 256 (Mo.App. W.D.1995); *National Advertising Co. v. Missouri State Highway & Transp. Comm'n*, 862 S.W.2d 953, 955 (Mo.App. E.D. 1993). If the ordinance passes the test, section 226.540 will not be applied as long as the ordinance remains in effect.

■■■ Under part one of the test, if a municipal ordinance does not contain size, lighting, and spacing regulations that conform to section 226.540(7), the ordinance is preempted and the regulations contained in the Act apply. Sec. 226.540(7); *Outcom*, 960 S.W.2d at 4; *Stephenson's Restaurants v. Missouri State Highway & Transp. Comm'n*, 666 S.W.2d 437 (Mo.App.W.D.1984). Bridgeton's Billboard Ordinance prohibits the erection of

signs within 750 feet of another sign on interstate highways. Bridgeton Ordinance 94–15, Sec. 2. The Act, however, prohibits the erection of signs only within 500 feet of another sign. Sec. 226.540(3)(a). Because the spacing regulations of the ordinance do not conform to the requirements of section 226.540(7), the ordinance fails part one of the test.

Bridgeton's ordinance is also inconsistent with the intent of the Act and fails part two of the test. Bridgeton's ordinance limits the maximum height of billboards, including sign faces and supports, to forty-five feet. Bridgeton Ordinance 94–15, Sec. 2. In contrast, the Act limits only the maximum height of sign *faces* to thirty feet and expressly does not regulate the height of sign supports or bases. Sec. 226.540(2)(a). Applying the regulations of the Act and the ordinance in conjunction, a billboard owner who constructs a sign in Bridgeton and takes full advantage of the Act's thirty-foot height restriction on sign faces would be limited to using a base or support no taller than fifteen feet. We interpret the General Assembly's refusal to regulate the height of sign structures as evidence of its intent that the area not be subject to regulation. Therefore, the ordinance is not consistent with the intent of the Act and does not satisfy part two of the test.

Part three of the test requires the ordinance to be consistent with customary use. In *Outcom*, this Court stated that in regulating billboards located within 660 feet of the highway in areas zoned industrial or commercial, a municipality "is restricted to regulations consistent with the regulations the legislature has found to be consistent with customary use." *Outcom*, 960 S.W.2d at 4. The size, lighting, and spacing regulations contained in the Act are consistent with customary use. *National Advertising*, 862 S.W.2d at 956 ("The preamble to Sec. 226.540 of the Act defines customary use to be use consistent with the Act's regulations."). As we have previously determined that the ordinance's spacing and height restrictions are inconsistent with the Act, Bridgeton's Billboard Ordinance fails part three of the test.

■ Significant to our resolution of this issue is the recent enactment of H.B. 831 (July 14, 1997). Although H.B. 831 is inapplicable to this case, it does shed light on the regulatory scheme envisioned by the General Assembly. H.B. 831 amends section 89.320 RSMo to allow localities to regulate off-premises advertising signs more restrictively than the Act: "Any city that maintains the city engineer or other similar city official on the planning commission shall have the authority to place any restriction upon the height, spacing and lighting of outdoor advertising structures placed within the view of any highway within the city. *Such ordinance may be more restrictive than sections 226.500 to 226.600, RSMo.*" H.B. 831, Sec. A (emphasis added). The authority to regulate billboards more restrictively than the Act, however, comes at a price. If a municipality chooses to regulate billboards more restrictively than the Act, it may not charge a billboard owner inspection fees or business taxes above the statutory limit.[2] Certainly the General Assembly would not have enacted H.B. 831 if municipalities already possessed the authority to regulate the size, lighting, and spacing of billboards differently than set forth by the Act as Bridgeton claims. *See Baugus v. Director of Revenue*, 878 S.W.2d 39, 41 (Mo. banc 1994) ("Legislative changes should not be construed as useless acts unless no other conclusion is possible."); *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992) ("When the legislature amends a statute, it is presumed to have intended the amendment to have some effect."). Bridgeton's second point of error is denied.

### III. Preemption of Bridgeton's Building Code

We now turn to the question whether Whiteco must apply for a permit under Bridgeton's Building Code prior to modifying its existing billboard structure. Whiteco argues

---

2. "No city that elects to govern outdoor advertising structures as provided in subsection 1 shall have the authority to impose a fee of more than five hundred dollars for the initial inspection of an outdoor advertising structure, nor may the city impose a business tax on an outdoor advertising structure of more than one hundred dollars per year." H.B. 831, Sec. A.

that because the Missouri Highway and Transportation Commission has previously issued an administrative decision that its proposed billboard upgrade did not constitute the construction of a new billboard for the purposes of the Act, Bridgeton may not require it to obtain a permit under its building code. In addition, Whiteco maintains that the Act preempts the permit requirement of the building code. Bridgeton argues that the Act does not preempt the permit requirement of its building code either expressly or by conflict. Bridgeton further claims that the Act is inapplicable to its building code and that it can deny building permits for reasons other than safety.

 A municipal ordinance may expand upon the provisions of a state statute by requiring more than what is required in the statute. *Combined Communications Corp. v. City of Bridgeton,* 939 S.W.2d 460, 463 (Mo.App. E.D.1996). If the provisions of the ordinance are inconsistent or irreconcilable with the statute, however, then the ordinance is voided by the statute. *Id.*

In *Combined Communications Corp. v. City of Bridgeton,* the City of Bridgeton enacted an ordinance that imposed "a business license tax on the business of operating a billboard" which "established a yearly tax of $5,000 on every billboard located within Bridgeton's city limits." 939 S.W.2d at 462. A billboard operator challenged the ordinance claiming, *inter alia,* that it was preempted by the Act. This Court concluded that the ordinance was not preempted by the Act because "[t]he state statute does not address the issue of assessing an annual fee or a tax on billboards." *Id.* at 463. We further noted that the ordinance did not contravene the purposes of the Act in validating and affirming the use of outdoor advertising signs because the ordinance did not "exclude [the billboard operator's] option to erect and maintain a profitable billboard in Bridgeton." *Id.*

We find no indication in the Act that the General Assembly intended to preempt a municipality's power to require a building permit prior to the construction or alteration of a billboard. We believe the Act and the building code were enacted to fulfill comple-mentary goals. The purposes of the Act are to affirm the use of outdoor billboard advertising and to preserve scenic beauty, while the purpose of Bridgeton's Building Code is to ensure public safety. These purposes are not inconsistent or irreconcilable. While it is clear from the Act that the General Assembly did not intend for municipalities to engage in secondary regulation of billboards which would interfere with the Act's regulation of billboards, we cannot say that the General Assembly intended to prevent municipalities from requiring a building permit prior to construction or modification of billboards to ensure public safety. We therefore agree with the trial court that Whiteco is required to obtain a permit pursuant to Bridgeton's Building Code. Bridgeton's authority to deny such a permit for reasons of safety simply means that Bridgeton may not use its building code to interfere with the purposes of the Act by otherwise preventing billboard owners from erecting and maintaining profitable billboards.

We affirm the judgment of the trial court.

CRANE, P.J., and RHODES RUSSELL, J., concur.